CASE *v.* CITY OF DETROIT.

Taxes—Destruction of Property—Liability of Owner.
The destruction of property after it has been assessed for taxes,
and the roll confirmed by the board of review, will not, as a
matter of law, relieve the owner from liability for the tax.

Error to Wayne; Brooke, J.   Submitted December 13,.
1901.   Decided January 7, 1902.

*Assumpsit* by George F. Case against the city of
Detroit to recover taxes paid under protest.   From a judg-
ment for plaintiff on verdict directed by the court, defend-
ant brings error.   Reversed.

*Timothy E. Tarsney,* for appellant.

*Charles Kudner* (*C. D. Joslyn,* of counsel), for
appellee.

Hooker, C. J.   The plaintiff was owner of premises in
Detroit, upon which there were buildings.   The board of
assessors placed them upon the assessment roll for the year
1898 at a valuation of $92,900.   It is admitted that, of
this, $50,000 was the value of the buildings, and $42,900
that of the land.   The roll was approved by the board of
review, and subsequently, on June 9, 1898, the buildings
were destroyed by fire.   On July 12th, the plaintiff peti-
tioned the common council to remit a portion of the taxes,
corresponding to the amount assessed upon the buildings,
and it adopted a resolution to remit and pay back the sum
of $814.82 of said taxes.   This occurred on August 23,
1898.   The mayor declined to approve the resolution.
Again, in 1900, a similar resolution passed the council, and
the mayor again declined to approve it.   The money hav-
ing been paid to the treasurer, the plaintiff brought this
action to recover the sum of $784.40, city taxes assessed

upon the buildings. He claims it to be for taxes assessed for the fiscal year 1898, which, he says, began July 1, 1898, some time after the destruction of the buildings. The circuit court rendered a judgment for the plaintiff, and the defendant has brought error.

These lands were lawfully assessed, and the taxes were spread in conformity to law, before the fire. It was perhaps within the power of the council to remit a portion of these taxes if they deemed it unjust to require payment, but they failed to do this. We know of no authority which sustains the plaintiff's contention that one owning property destroyed, or parted with in any other way, after the taxes are spread, is to have a rebate of a portion of his taxes. None is cited by counsel, and we think that the introduction of such a rule would lead to much confusion. It is admitted that the property burned was insured, and it is shown that $45,000, if not more, was paid by the insurance companies to persons holding mortgages given by or for which the plaintiff was responsible. It was upon this ground that the mayor vetoed the resolutions, but this fact is not important.

The judgment is reversed, and, under the admitted facts, a new trial is denied. Judgment will be entered here in favor of the defendant for costs of both courts.

MOORE, GRANT, and MONTGOMERY, JJ., concurred. LONG, J., did not sit.