*In re* APPEAL OF NEWTON PACKING CO.

1. Corporations—Privilege Fee—Definition of Surplus.

Surplus, as that term is used in determining the privilege fee payable by a corporation for doing business in this State, is the difference between assets and liabilities plus paid-up capital (2 Comp. Laws 1929, § 10143, as amended by Act No. 102, Pub. Acts 1935).

2. Same—Annual Privilege Fee—Reports—Assets and Liabilities—Surplus—Paid-Up Capital.

Since the statute relative to filing of reports of profit corporations requires that the "assets and outstanding liabilities" are to be reported as of the close of the calendar year next preceding, where fiscal year is not shown to be different, for the purpose of computing the annual privilege fee, the surplus item must be determined as of the same date hence it must have been the legislative intent to require report of paid-up capital to be made of the same date (2 Comp. Laws 1929, § 10140, as amended by Act No. 13, Pub. Acts 1933 [Ex. Sess.], § 10143, as amended by Act No. 102, Pub. Acts 1935; Act No. 327, § 82, Pub. Acts 1931, as last amended by Act No. 194, Pub. Acts 1935).

3. Same—Annual Privilege Fee—Reports.

At present the only report required of a profit corporation under the State law for the purpose of computing the annual privilege fee is the one under section 82 of the general corporation

act and it is the intention of the legislature that the information furnished in said report should show the condition of the corporation as of the close of the calendar year next preceding where corporate fiscal year is not shown to be other than the calendar year (Act No. 327, § 82, Pub. Acts 1931, as last amended by Act No. 194, Pub. Acts 1935).

4. CONSTITUTIONAL LAW—STATEMENT OF TAX AND OBJECTS OF STATUTE—CORPORATIONS—ANNUAL PRIVILEGE FEE.

Reference in statute imposing annual privilege fee upon corporations to general corporation act to assist in purely ministerial duty of computing such tax *held*, not violative of requirement of Constitution that law imposing a tax "shall distinctly state the tax and the objects to which it is to be applied" where the tax act is self-sufficient insofar as statement of the tax and objects is concerned (Const. 1908, art. 10, § 6; 2 Comp. Laws 1929, § 10140, as amended by Act No. 13, Pub. Acts 1933 [Ex. Sess.]; Act No. 327, § 82, Pub. Acts 1931, as last amended by Act No. 194, Pub. Acts 1935).

5. CORPORATIONS—ANNUAL PRIVILEGE FEE—COMPUTATION.

Computation of annual privilege fee on paid-up capital stock as of end of preceding calendar year on corporation whose fiscal year was not shown to be other than the calendar year and which did not have a surplus for year reported, rather than on amount of paid-up capital stock as of time of filing report, where such amount had been decreased on the day before report was filed, *held*, proper (2 Comp Laws, 1929, § 10140, as amended by Act No. 13, Pub. Acts 1933 [Ex. Sess.], § 10143, as amended by Act No. 102, Pub. Acts 1935; Act No. 327, § 82, Pub. Acts 1931, as last amended by Act No. 194, Pub. Acts 1935).

6. COSTS—CORPORATIONS—ANNUAL PRIVILEGE FEE—COMPUTATION—CONSTRUCTION OF STATUTES—PUBLIC QUESTIONS.

No costs are allowed on affirmance of appeal from decision of corporation tax appeal board where sole question for review was a matter of construing statutes relative to computation imposing annual privilege fee on a corporation, the question being a public one (Const. 1908, art. 10, § 6, and 2 Comp. Laws 1929, § 10140, as amended by Act No. 13, Pub. Acts 1933 [Ex. Sess.], § 10143, as amended by Act No. 102, Pub. Acts 1935; Act No. 327, § 82, Pub. Acts 1931, as last amended by Act No. 194, Pub. Acts 1935).

Appeal from the Corporation Tax Appeal Board. Submitted January 6, 1937.  (Docket No. 35, Calendar No. 39,183.)  Decided March 1, 1937.

Newton Packing Company, a Michigan corporation, appealed from determination of Corporation Tax Appeal Board as to amount of privilege fee for year beginning August 31, 1935.  Affirmed.

*Albert H. & Henry Veeder* (*Maurice Weigle,* of counsel), for plaintiff.

*Raymond W. Starr,* Attorney General, *Edmund E. Shepherd* and *James W. Williams,* Assistants Attorney General (*Alice E. Alexander,* of counsel), for defendant.

BUTZEL, J.  On August 29, 1935, Newton Packing Company, a Michigan corporation, filed with the commissioner of Michigan corporation and securities commission its annual report showing its condition as of December 31, 1934, as required by Act No. 327, § 82, Pub. Acts 1931 (as last amended by Act No. 194, Pub. Acts 1935), accompanied by a filing fee of $2 and a privilege fee of $250 payable by the corporation for the tax year beginning August 31, 1935.  The corporation computed the tax on the basis of 2½ mills upon each dollar of its paid-up capital of $100,000 which was claimed to be the amount in existence at the time of filing its report.  Prior to August 28, 1935, the paid-up capital as well as capital stock of the corporation amounted to $300,000.  However, on August 28, 1935, by amendment to its articles, the capital stock was duly reduced to $100,000 and a notation to this effect was attached to the report.  It also stated that a certificate of reduction of the capital stock had been filed with the secretary of State on August 28, 1935.  The

corporation does not claim that its fiscal year differs from the calendar year.

The commissioner refused to accept a privilege fee of $250 on the ground that the paid-in capital on December 31, 1934, was $300,000 and the privilege fee accordingly was $750. An appeal was taken to the corporation tax appeal board which upheld the contention of the commissioner, and thereupon this appeal was taken.

Section 10140, 2 Comp. Laws 1929 (as amended by Act No. 13, Pub. Acts 1933 [Ex. Sess.]) provides for an annual privilege fee to be paid by profit corporations "upon each dollar of its paid-up capital and surplus." The sole question to be determined is: As of what date should the item of "paid-up capital" be taken, there being no question of surplus involved, as the report showed a deficit. It is true that 2 Comp. Laws 1929, § 10140 (as amended by Act No. 13, Pub. Acts 1933 [Ex. Sess.]) does not fix the date for the computation of these items and it becomes necessary to look to other sections of the corporation law. In the report required by Act No. 327, § 82, Pub. Acts 1931 (as last amended by Act No. 194, Pub. Acts 1935), the corporation is required to give:

"(m) A complete and detailed statement of the assets and outstanding liabilities of the corporation as shown by the books of such corporation at the close of business on the thirty-first day of December or upon the date of the close of its fiscal year, next preceding."

In subdivision (i) of this same section, the corporation is required to state "the amount of capital stock paid in," but no date is fixed in reference to this item. Section 10143, 2 Comp. Laws 1929, as amended by Act No. 102, Pub. Acts 1935, defines

"surplus" as the difference between assets and liabilities plus paid-up capital. Inasmuch as by Act No. 327, § 82, subd. (m), Pub. Acts 1931 (as last amended by Act No. 194, Pub. Acts 1935), the "assets and outstanding liabilities" are to be reported as of December 31st next preceding, it is clear that, for the purpose of computing the annual privilege fee, the "surplus" item is to be taken as of December 31st next preceding. This being so, it must have been the intention of the legislature that paid-up capital be reported as of December 31st next preceding.

This conclusion is not only in accord with the practice of the commissioner for a long period of years, but is fortified by the legislative history of Act No. 85, § 7, Pub. Acts 1921, as amended, which, though repealed by Act No. 140, Pub. Acts 1927, provided that:

"SEC. 7. Every corporation, for profit, whether domestic or foreign, authorized or admitted to do business within this State * * * shall * * * annually * * * file a report with the secretary of State* showing its condition at the close of business upon the thirty-first day of December or upon the date of the close of its fiscal year next preceding the filing of such report."

Under the present law, the only report required is that found in Act No. 327, § 82, Pub. Acts 1931 (as last amended by Act No. 194, Pub. Acts 1935), and we believe it was the intention of the legislature that the information furnished in said report should

---

* The powers and duties of the secretary of State with respect to formation, organization, regulation and control of corporations and fees, taxes and charges paid by them under Act No. 327, Pub. Acts 1931, as amended, and Act No. 85, Pub. Acts 1921, as amended [2 Comp. Laws 1929, §§ 10136–10147, as amended] have been transferred to the corporation and securities commission by Act No. 13, Pub. Acts 1935.—REPORTER.

show the condition of the corporation as of December 31st next preceding for purposes of computing the privilege fee.

Appellant, however, contends that any reference to Act No. 327, § 82, Pub. Acts 1931 (as last amended by Act No. 194, Pub. Acts 1935), for the purpose of computing the privilege tax is violative of Const. 1908, art. 10, § 6, which provides:

"Every law which imposes, continues or revives a tax shall distinctly state the tax, and the objects to which it is to be applied; and it shall not be sufficient to refer to any other law to fix such tax or object."

There is no merit in this contention. Section 10140, 2 Comp. Laws 1929, as amended by Act No. 13, Pub. Acts 1933 [Ex. Sess.], is self-sufficient insofar as it states "the tax and the objects to which it is to be applied." The reference to the report required by Act No. 327, § 82, Pub. Acts 1931 (as last amended by Act No. 194, Pub. Acts 1935) is to assist the secretary of State* in the purely ministerial duty of computing the tax. The reference is further justified inasmuch as 2 Comp. Laws 1929, § 10140, as amended, specifically refers to Act No. 327, § 82, Pub. Acts 1931. Likewise, Act No. 327, § 82, subd. (o), Pub. Acts 1931 (as amended by Act No. 194, Pub. Acts 1935), discloses that the information to be given in the report is for the purpose of enabling the secretary of State to compute the annual privilege fee.

The decision of the corporation tax appeal board is affirmed but without costs, the question being a public one.

FEAD, C. J., and NORTH, WIEST, BUSHNELL, SHARPE, POTTER, and CHANDLER, JJ., concurred.

---

* See note *ante,* 143.—REPORTER,