HOLLAND HITCH COMPANY *v.* STATE OF MICHIGAN.

1. LICENSES—CORPORATIONS—PRIVILEGE FEE—EXCISE TAX ON PRIVILEGE TO DO BUSINESS.

    The annual fee imposed upon corporations upon the privilege of exercising the corporate franchise to do business in this State is not based on the actual transaction of business nor is it a tax levied upon proceeds derived from the carrying on of business (2 Comp. Laws 1929, § 10140, as amended by Act No. 13, Pub. Acts 1933 [Ex. Sess.]).

2. CORPORATIONS—PRIVILEGE FEE—DEFINITION OF SURPLUS.

    Surplus, as that term is used in determining the privilege fee payable by a corporation for doing business in this State, is the difference between assets and liabilities plus paid-up capital (2 Comp. Laws 1929, § 10143, as amended by Act No. 102, Pub. Acts 1935).

3. SAME—ANNUAL PRIVILEGE FEE—REPORTS—ASSETS AND LIABILITIES—SURPLUS—PAID-UP CAPITAL.

    Since the statute relative to filing of reports of corporations requires that the "assets and outstanding liabilities" are to be reported as of the close of the calendar year next preceding, for the purpose of computing the annual privilege fee, the "surplus" item must be determined as of the same date, hence it must have been the legislative intent to require report of paid-up capital to be made of the same date (2 Comp. Laws 1929, § 10140, as amended by Act No. 13, Pub. Acts 1933 [Ex. Sess.]; § 10143, as amended by Act No. 102, Pub. Acts 1935; Act No. 58, Pub. Acts 1939).

4. TAXATION—CORPORATIONS—PRIVILEGE FEES—TIME.

    The obligation of a corporation to pay the privilege tax is a liability that becomes due and owing on the date prescribed by law (2 Comp. Laws 1929, § 10140, as amended by Act No. 13, Pub. Acts 1933 [Ex. Sess.]; Act No. 327, § 91, Pub. Acts 1931, as amended by Act No. 96, Pub. Acts 1933).

5. LICENSES—CORPORATIONS—PRIVILEGE FEE—CONTINGENT LIABILI-
TIES—SUBSEQUENT REDUCTION OF SURPLUS.

Where corporate privilege fees for 1942 and 1943, computable
on the basis of the paid-up capital and surplus, determined
as of the end of the respective preceding calendar year, were
paid at time of filing reports for such years and accepted by
the corporation and securities commission and the reports
appear to have been correct and the computation accurate, no
reduction may be had in fees paid for subsequent reduction
of surplus for such years by reason of renegotiation of war
contracts with Federal government, in the absence of any
statutory provision authorizing a deduction based on a specu-
lative or contingent liability, since the fees were properly
computed and amounts actually owed were paid (56 Stat. at
L. 245, 982; 57 Stat. at L. 348, 564; 58 Stat. at L. 78; 2
Comp. Laws 1929, § 10140, as amended by Act No. 13, Pub.
Acts 1933 [Ex. Sess.]; § 10143, as amended by Act No. 102,
Pub. Acts 1935; Act No. 327, Pub. Acts 1931, § 82, as last
amended by Act No. 58, Pub. Acts 1939; § 91, as amended by
Act No. 96, Pub. Acts 1933).

6. TAXATION—SUBSEQUENT EVENTS—STATUTES.

Events occurring after tax liability has been determined in ac-
cordance with statute may not, in the absence of legislative
authority, affect such liability.

7. SAME—INVOLUNTARY PAYMENT.

A valid tax may not be recovered by the taxpayer on the theory
of involuntary payment.

8. COSTS—PUBLIC QUESTION—SUBSEQUENT REDUCTION OF CORPORATE
SURPLUS—RECOVERY OF PORTION OF PRIVILEGE FEE.

No costs are allowed in action by corporation to recover portion
of privilege fees for years 1942 and 1943 represented by re-
duction of surplus for those years by reason of renegotiation
of war contracts with Federal government in the latter part
of 1944 because of excess profits received, a public question
being involved (56 Stat. at L. 245, 982; 57 Stat. at L. 348,
564; 58 Stat. at L. 78; 2 Comp. Laws 1929, § 10140, as
amended by Act No. 13, Pub. Acts 1933 [Ex. Sess.]; § 10143,
as amended by Act No. 102, Pub. Acts 1935; Act No. 327,
Pub. Acts 1931, § 82, as last amended by Act No. 58, Pub.
Acts 1939; § 91, as amended by Act No. 96, Pub. Acts 1933).

Appeal from Court of Claims; Souter (Dale), J., presiding. Submitted April 9, 1947. (Docket No. 40, Calendar No. 43,584.) Decided June 27, 1947.

Claim by Holland Hitch Company against State of Michigan for privilege fee paid on surplus subsequently paid to United States government under renegotiation act. Judgment for defendant. Plaintiff appeals. Affirmed.

*Charles H. McBride,* for plaintiff.

*Eugene F. Black,* Attorney General, *Edmund E. Shepherd,* Solicitor General, and *Meredith H. Doyle,* Assistant Attorney General, for defendant.

CARR, C. J. The plaintiff in this case was organized as a Michigan corporation in 1935 and has continued to carry on its business within the State since that time. Pursuant to the provisions of section 82 of the general corporation act,* plaintiff, in August, 1943, filed its annual report for the calendar year 1942, and in August, 1944, filed a similar report for the year 1943. Said section, as last amended by Act No. 58, Pub. Acts 1939 (Comp. Laws Supp. 1940, § 10135–82, Stat. Ann. 1946 Cum. Supp. § 21.82), requires such report to contain, among other data: "A complete and detailed statement of the assets and outstanding liabilities of the corporation as shown by the books of such corporation, at the close of business on the 31st day of December or upon the date of the close of its first fiscal year, next preceding which shall be the same balance sheet statement as furnished to shareholders, as provided by law." There is no question in the case but that plaintiff's

---

* Act No. 327, Pub. Acts 1931, as amended (Comp. Laws Supp. 1940, § 10135–1 *et seq.,* Stat. Ann. § 21.1 *et seq.*).

reports were in compliance with the pertinent provisions of the statute and were seasonably filed.

At the time the report for the year 1942 was filed plaintiff paid to the State the annual fee on the privilege of exercising its franchise to do business in this State, in the sum of $691.66, computed on its paid-up capital and surplus as shown by the report. The same procedure was observed the following year, the amount of the privilege fee so paid being the sum of $1,054.84. This was done in accordance with 2 Comp. Laws 1929, § 10140, as last amended by Act No. 13, Pub. Acts 1933 (Ex. Sess.), (Comp. Laws Supp. 1940, § 10140, Stat. Ann. § 21.205), which reads as follows:

"Every corporation organized or doing business under the laws of this State, excepting railroad companies and interurban railroad companies, and telephone and telegraph companies, express companies and foreign insurance companies, and such corporations now in existence or hereinafter incorporated formed with the consent of the banking commissioner for the State of Michigan for the purpose of taking over all or a part of the assets of closed banks or trust companies with the intent and purpose of liquidating such assets when and as conditions warrant such action by said corporations, shall, at the time of filing its annual report with the secretary of State * of this State, as required by section 82 of act number 327 of the public acts of 1931, for the privilege of exercising its franchise and of transacting its business within this State, pay to the secretary of State * an annual fee of 2½ mills upon each dollar of its paid-up capital and surplus, but such privilege fee shall in no case

---

* Act No. 13, Pub. Acts 1935, as amended by Act No. 228, Pub. Acts 1939 (Comp. Laws Supp. 1940, § 9769–1 *et seq.*, Stat. Ann. and Stat. Ann. 1946 Cum. Supp. §§ 19.781–19.784), transferred the powers and duties of the secretary of State relative to corporations to the corporation and securities commission.—REPORTER.

be less than $10 nor more than $50,000. It is the intent of this section to impose the tax herein provided for upon every corporation, foreign or domestic, having the privilege of exercising corporate franchises within this State, irrespective of whether any such corporation chooses to actually exercise such privilege during any taxable period.''

During the years 1942 and 1943 plaintiff was engaged in the manufacture of hitch equipment and trailer accessories for contractors doing war work for the Federal government. Such operations were conducted under contracts, some of which were renegotiated by the Federal government in the latter part of 1944, in accordance with the renegotiation act of 1942.* This proceeding resulted in plaintiff paying to the government because of excess profits received in the year 1942, the sum of $98,000, and in the year 1943, the sum of $50,000. Plaintiff took no appeal, as authorized by the act, to the tax court of the United States for a redetermination of the amounts of the required payments.

Claiming that the surpluses shown by its reports for the years 1942 and 1943 should be reduced in amounts equal to the payments to the Federal government, plaintiff made a demand, under date of September 11, 1944, on the Michigan corporation and securities commission for a refund, on the ground that the privilege fees for the years in question had been overpaid in the 'aggregate sum of $615. The demand being refused, plaintiff brought suit in the court of claims seeking to recover the amount in question. It was conceded before the

* (Apr. 28, 1942, c. 247, title 4, § 403, 56 Stat. at L. 245, as amended Oct. 21, 1942, c. 619, title 8, § 801 (a–c), 56 Stat. at L. 982; July 1, 1943, c. 185, § 1, 57 Stat. at L. 348; July 14, 1943, c. 239, §§ 1–4, 57 Stat. at L. 564; Feb. 25, 1944, 12:49 p.m., E.W.T., c. 63, title 7, § 701 (b), 58 Stat. at L. 78 [50 USCA, App. § 1191].)

trial court that if plaintiff is entitled to recover at all the amount of the judgment should be the sum claimed.

Plaintiff contended in the court of claims that it was entitled to judgment in its favor on the theory that the amounts of the privilege fees paid by it to the State for the years 1942 and 1943 were excessive because of mistake on plaintiff's part. It was further contended that such payments were "involuntary." The trial court determined that the defenses urged were not tenable and entered judgment for the defendant. Plaintiff has appealed, setting forth its claims in its brief as follows:

"That the trial judge erred in finding:

"1. That the overpayments of privilege fees on surplus for the years 1942 and 1943 were voluntarily made by the plaintiff.

"2. That the said overpayments of privilege fees were not due to mistake of fact, on the part of plaintiff, with relation to the amount of its surplus, as shown in its reports."

Under the specific terms of the statute above quoted, the annual fee is imposed on the privilege of transacting business within this State. It is not based on the actual transaction of business. *In re Detroit Properties Corp.*, 254 Mich. 523. Nor is it a tax levied upon proceeds derived from the carrying on of business. *In re Detroit International Bridge Co.*, 257 Mich. 52. The term "surplus" is defined in 2 Comp. Laws 1929, § 10143, as amended by Act No. 102, Pub. Acts 1935 (Comp. Laws Supp. 1940, § 10143, Stat. Ann. § 21.208), as follows:

"The term 'surplus' as used in this act, shall be taken and deemed to mean the net value of the corporation's property, less its outstanding indebtedness and paid-up capital."

In the case of *In re Appeal of Newton Packing Co.*, 279 Mich. 139, the Court, after referring to the statutory definition of surplus, said:

"Inasmuch as by Act No. 327, § 82, subd. (m), Pub. Acts 1931 (as last amended by Act No. 194, Pub. Acts 1935 *), the 'assets and outstanding liabilities' are to be reported as of December 31st next preceding, it is clear that, for the purpose of computing the annual privilege fee, the 'surplus' item is to be taken as of December 31st next preceding. This being so, it must have been the intention of the legislature that paid-up capital be reported as of December 31st next preceding."

In *Re Nelson Brothers Co.*, 297 Mich. 566, it was further said:

"The obligation of a corporation to pay the privilege tax is a liability that becomes due and owing on the date prescribed by law.† *In re Johnston-Newton Co.*, 225 Mich. 53."

The amount of the privilege tax owing by the plaintiff at the time it filed its annual report for 1942 in August of the following year, was computable on the basis of paid up capital and surplus, determined as of December 31, 1942. The privilege fee for the year 1943 was determinable in like manner. Under the specific terms of the statute, payment was required to be made each year at the time of the filing of the annual report. Plaintiff complied with such requirement. The privilege tax for each year in question was computed on the basis of the report for such year. Plaintiff contends that

---

* This section has since been amended by Act No. 350, Pub. Acts 1937 and Act No. 58, Pub. Acts 1939 (Comp. Laws Supp. 1940, § 10135-82, Stat. Ann. 1946 Cum. Supp. § 21.82).—REPORTER.

† See Act No. 327, § 91, Pub. Acts 1931, as amended by Act No. 96, Pub. Acts 1933 (Comp. Laws Supp. 1940, § 10135-91, Stat. Ann. § 21.91), as well as 2 Comp. Laws 1929, § 10140, as amended by Act No. 13, Pub. Acts 1933 (Ex. Sess.), above cited.—REPORTER.

the computation made on the basis of each report was merely tentative. It was, however, accepted in each instance by the corporation and securities commission. It does not appear that there was any reason for questioning either the correctness of the reports or the accuracy of the computations.

At the time the privilege fees were due and paid the renegotiation of plaintiff's contracts was a mere possibility. There was no "outstanding indebtedness" then existing to the Federal government that might have been taken into consideration in determining the amount of the surplus for either 1942 or 1943. The statute cannot be construed as authorizing a deduction based on a speculative or contingent liability. 14 Fletcher, Cyclopedia Corporations (1945 Rev.), p. 817; *People, ex. rel. The Butterick Publishing Co.*, v. *Purdy,* 153 App. Div. 665 (138 N. Y. Supp. 707), 208 N. Y. 620 (102 N. E. 1109). See, also, *People, ex rel. National Surety Co.,* v. *Feitner,* 166 N. Y. 129 (59 N. E. 731). Events occurring after tax liability has been determined in accordance with statute may not, in the absence of legislative authority, affect such liability. *Case* v. *City of Detroit,* 129 Mich. 298.

In reporting the amount of the surplus for 1942, and later for 1943, the plaintiff was not mistaken as to any past or existing fact. The most that can be said is that it did not anticipate the action subsequently taken by the Federal government. In any event the privilege fees were properly computed on the basis of the capital stock paid in and the actual surplus on the last day of each of the years covered by the reports. Insofar as the computation of said fees is concerned the subsequent payments to the Federal government can not be given a retroactive effect by way of reduction of the surplus items set forth in the reports. The conclusion necessarily

follows that the fees were properly computed and plaintiff paid the amounts actually owing to the State.

The conclusion above indicated renders it unnecessary to give extended consideration to plaintiff's claim that it paid the privilege fees in question involuntarily or under duress. A valid tax may not be recovered by the taxpayer on the theory of "involuntary payment." *Godkin* v. *Township of Doyle,* 143 Mich. 236.

The judgment is affirmed. Because of the public nature of the question involved, no costs are allowed.

BUTZEL, BUSHNELL, SHARPE, BOYLES, REID, and NORTH, JJ., concurred. DETHMERS, J., did not sit.