LAKE SHORE COACH LINES, INC., *v.*
SECRETARY OF STATE.

1. TAXATION—GASOLINE—DIESEL MOTOR FUEL.
   Diesel motor fuel is within the definition of gasoline in the gasoline tax act (CL 1948, § 207.101 *et seq.*).

2. SAME—GASOLINE—DIESEL MOTOR FUEL—REASONABLENESS OF TAX.
   The imposition of a tax of 5 cents a gallon on diesel motor fuel as compared with 3 cents a gallon on other gasoline is not unreasonable in view of the fact that a gallon of diesel motor fuel in a diesel type of engine ordinarily would propel the

---

REFERENCES FOR POINTS IN HEADNOTES
[1, 18] 51 Am Jur, Taxation, §§ 1260, 1272.
[1, 2, 12, 17–19] Constitutionality and construction of gasoline inspection and tax statutes.   47 ALR 980; 84 ALR 839; 111 ALR 185.
[2, 12, 19] 51 Am Jur, Taxation, §§ 1262, 1269, 1270.
[3] 51 Am Jur, Taxation, §§ 157 *et seq.*, 168.
[4–7, 11, 12] 12 Am Jur, Constitutional Law, §§ 476, 480, 481, 519, 521.
[7] 12 Am Jur, Constitutional Law, § 523.
[8, 11] 11 Am Jur, Constitutional Law, §§ 92, 93, 96–100, 128–133.
[9, 10] 12 Am Jur, Constitutional Law, §§ 526, 527.
[11] 11 Am Jur, Constitutional Law, § 86 *et seq.*
[13] 3 Am Jur, Appeal and Error, § 823; 11 Am Jur, Constitutional Law, § 152.
[14] 51 Am Jur, Taxation, § 130.
[15–17] 51 Am Jur, Taxation, § 203.
[16] 51 Am Jur, Taxation, § 210.
[17] 51 Am Jur, Taxation, §§ 1263–1265.
[18] 51 Am Jur, Taxation, § 1274.
[19] 12 Am Jur, Constitutional Law, §§ 518, 640 *et seq.*
[20] 14 Am Jur, Costs, § 91.

vehicle with power greater by 50 or more per cent. than a gallon of other gasoline (CL 1948, § 207.101 *et seq.*; § 207.201 *et seq.*).

3. Same—Specific Taxes.

Specific taxes which the Constitution requires to be uniform upon the classes upon which they operate are such as are laid upon certain classes of business or pursuits (Const 1908, art 10, § 4).

4. Constitutional Law—Classification.

The fundamental rule of classification for the purpose of legislation is that it shall not be arbitrary; and it is not reviewable unless palpably arbitrary and unreasonable.

5. Same—Classification—Reasonableness Presumed.

A distinction in legislation is not arbitrary, if any state of facts reasonably can be conceived that would sustain it, and the existence of that state of facts at the time the law was enacted must be assumed, notwithstanding the facts may be disputed.

6. Same—Classification—Arbitrariness Must be Palpable to be Reviewed.

A classification in legislation is sufficient if it is practical and reasonable and is not reviewable unless palpably arbitrary and unreasonable.

7. Same—Classification—Burden of Proof of Arbitrariness.

One who assails the classification in legislation must carry the burden of showing by a resort to common knowledge or other matters which may be judicially noticed, or to other legitimate proof, that the action is arbitrary.

8. Same—Presumptions in Favor of Constitutionality.

All presumptions are in favor of the constitutionality of legislation and before it may be declared unconstitutional, it is necessary to point out the limitation upon the power of the legislature which the legislation in question transcends.

9. Same—Benefit to a Particular Class.

Legislation is not unconstitutional because it is legislation of a particular kind and character, or because it benefits a particular class.

10. Same — Classification — Equal Operation upon Particular Class.

The mere fact that there is a classification, so long as the law operates equally upon those within the particular class,

does not render it unconstitutional, if the object and purpose of the legislation is legitimate and within the terms of the Constitution.

11. SAME—CLASSIFICATION—ARBITRARINESS—COURTS.

A court may declare a statute unconstitutional only where it is manifest upon the face of a statute that a classification therein is based upon no reason, but is purely an arbitrary act, and when it is arbitrary the statute must be declared unconstitutional.

12. TAXATION—DIESEL MOTOR FUEL—MUNICIPAL FRANCHISE HOLDERS—CLASSIFICATION—STATE HIGHWAY FUND.

The substitution of 4 cents for 5 cents per gallon in the case of diesel motor fuel used by vehicles operated under municipal franchise is not an unreasonable classification because, as compared with general users of diesel motor fuel in vehicles, the State highways will be less used per gallon by the vehicle owned by a municipal franchise holder and State highway fund to which tax is credited contributes very little to the repair and upkeep of municipal streets (Const 1908, art 10, § 4; CL 1948, §§ 207.201, 207.202).

13. APPEAL AND ERROR — QUESTIONS REVIEWABLE — SEVERANCE OF STATUTES.

Whether or not a provision in an act could be stricken down without striking down the whole act is not determined where such questioned provision is declared valid (Const 1908, art 10, § 4; CL 1948, §§ 207.201, 207.202).

14. TAXATION—DIESEL MOTOR FUEL—CONSTITUTIONAL LAW—STATEMENT OF OBJECT OF TAX ACT—REFERENCE TO ANOTHER STATUTE.

Diesel motor fuel tax act sufficiently sets forth the objects to which the tax money realized shall be applied by prescribing the deposit in the State highway fund, a very important fund in State affairs, to satisfy provision of Constitution requiring that a law imposing a tax shall distinctly state the tax, the objects to which it is to be applied and that it shall not be sufficient to refer to any other law to fix such tax or object, notwithstanding that distribution of such moneys is to be made according to the provisions of a stated act not shown to provide a different object than the State highway fund (Const 1908, art 10, § 6; CL 1948, § 207.-101 *et seq.;* § 207.214).

15. Commerce—Interstate Commerce—Congress.

> No State can tax the privilege of doing interstate business as that is within the protection of the commerce clause and subject to the power of congress.

16. Same—Interstate Commerce—Governmental Burden.

> The protection afforded property which the owner may draw from a State is not diminished by reason of the fact that such property is used in interstate commerce or came into his possession as a result of interstate commerce, hence the owner may properly be asked to bear his fair share of the burden of government.

17. Taxation—Diesel Motor Fuel—Interstate Commerce—Discrimination.

> Diesel motor fuel tax act which levied the same burden upon intrastate as it did interstate commerce was not unconstitutional as discriminatory against latter in the collections used for the maintenance and repairing of the State highways, hence did not offend the commerce clause of the Federal Constitution (US Const, art 1, § 8 [3]; CL 1948, § 207.-201 et seq.).

18. Same—Diesel Motor Fuel—Exemptions.

> The diesel motor fuel tax act was intended to tax all diesel motor fuel used in diesel-type motors for propulsion, hence the owner of such a vehicle leased for 30 days or less would be liable for tax on diesel motor fuel consumed by vehicles operating on public roads and highways, there being no exemption as to use of such fuel so far as concerns liability for the tax (CL 1948, §§ 207.201, 207.202, 256.1).

19. Same—Diesel Motor Fuel—Constitutional Law—Due Process—Equal Protection.

> The diesel motor fuel tax act held, not to violate either the due process or equal protection clauses of the Federal Constitution (US Const, am 14; CL 1948, § 207.201 et seq.).

20. Costs—Public Question—Constitutional Law—Diesel Motor Fuel Tax Act.

> No costs are allowed in suit to determine constitutionality of diesel motor fuel tax act, a public question being involved (CL 1948, § 207.201 et seq.).

Appeal from Wayne; Murphy (Thomas J.), J. Submitted October 14, 1949. (Docket No. 26, Calendar No. 44,536.) Decided February 28, 1950.

Bill by Lake Shore Coach Lines, Inc., a Michigan corporation, and others against Frederick M. Alger, Jr., Secretary of State of the State of Michigan, to have PA 1947, No 319, declared void. Bill dismissed. Plaintiffs appeal. Affirmed.

*Thomas F. Chawke,* for plaintiffs.

*Stephen J. Roth,* Attorney General, *Edmund E. Shepherd,* Solicitor General, and *Ernest O. Zirkalos,* Assistant Attorney General, for defendant.

REID, J. Plaintiffs herein, by their bill of complaint, challenge the constitutionality of PA 1947, No 319 (CL 1948, § 207.201 *et seq.* [Stat Ann 1947 Cum Supp § 7.339 (1) *et seq.*]), which imposes a tax upon the use of diesel motor fuel in vehicles propelled by diesel engines upon the highways of the State. From a decree dismissing the bill, plaintiffs appeal.

Plaintiffs own, for the purpose of operating in the conduct of their respective businesses, motor vehicles propelled by the diesel type of combustion engine. All except 1 are carriers of passengers or freight for hire within the State of Michigan under appropriate public authority, the remaining plaintiff being a private carrier owning vehicles propelled by diesel engines for the purpose of hauling its own products within the State. The operation of some of the plaintiffs is wholly intrastate in character, while others are engaged in both intrastate and interstate commerce; still others are engaged solely in interstate commerce within the State of Michigan holding certificates of authority to operate over certain routes within the State from the interstate commerce commission.

Prior to the passage of said Act No 319, a tax of 3 cents per gallon was imposed under the gasoline

tax act, PA 1927, No 150, as amended (CL 1948, § 207.101 *et seq.* [Stat Ann and Stat Ann 1947 Cum Supp § 7.291 *et seq.*]), upon diesel motor fuel used or sold to produce power in motor vehicles upon the highways of the State. Diesel motor fuel is within the definition of gasoline in the gasoline tax act. In lieu of the 3 cents a gallon imposed in the gasoline tax act, No 319 imposes a tax of 4 cents a gallon for use or consumption of diesel motor fuel in vehicles operating under municipal franchise, and a tax of 5 cents a gallon on all other diesel motor fuel used for the purpose of generating power to propel motor vehicles on the public roads and highways of the State.

Testimony offered in this case showed that a gallon of diesel motor fuel in a diesel type of engine ordinarily would propel the vehicle with power greater by 50 or more per cent. than a gallon of gasoline, and in their statement of questions involved plaintiffs do not complain that 5 cents a gallon for diesel motor fuel used in a diesel type of engine on State highways in general is unreasonable as compared with 3 cents a gallon tax on the use of other gasoline.

Plaintiffs attack the statute in question, Act No 319, as being unconstitutional and void, claiming that it is an arbitrary and discriminatory exercise of the legislative power; imposes a specific tax without being uniform upon the classes upon which it operates, in violation of article 10, § 4 of the Michigan State Constitution; does not state the object of the act in the title, in violation of article 10, § 6 of the State Constitution, in that it refers to another act to fix the objects to which the tax is to be applied; is violative of the due process and equal protection clauses of both the Federal and State Constitutions, and that insofar as it attempts to apply its provisions to those plaintiffs who are engaged in interstate

commerce, it offends against the commerce clause of the Federal Constitution.

We consider first the question raised as to the act being arbitrary and discriminatory in that it imposes a specific tax without making the tax uniform upon the classes upon which it operates.

Such claim that the act is improperly and unjustly discriminatory has particular reference to the requirement of the act that for diesel motor fuel used in vehicles operated under municipal franchise, a tax of only 4 cents a gallon be paid (in section 1 of the act) instead of 5 cents a gallon for other users as set forth in section 2 of the act.

Plaintiffs claim that section 1 of the act in question violates article 10, § 4 of the State Constitution, which is as follows:

"The legislature may by law impose specific taxes, which shall be uniform upon the classes upon which they operate."

Specific taxes are such as are laid upon certain classes of business or pursuits. *Jones* v. *Board of Water Commissioners of Detroit,* 34 Mich 273, 276.

We quote in part the following decisions which we quoted with approval in *Fitzpatrick* v. *Liquor Control Commission,* 316 Mich 83, 94–96 (172 ALR 608):

"The fundamental rule of classification for the purpose of legislation is that it shall not be arbitrary; and it is not reviewable unless palpably arbitrary and unreasonable. *Haynes* v. *Lapeer Circuit Judge,* 201 Mich 138 (LRA1918D 233); *Straus* v. *Elless Co.,* 245 Mich 558. * * *

" 'It is established that a distinction in legislation is not arbitrary, if any state of facts reasonably can be conceived that would sustain it, and the existence of that state of facts at the time the law was enacted must be assumed. * * * It makes no difference that the facts may be disputed or their effect opposed by argument and opinion of serious strength. It is

not within the competency of the courts to arbitrate in such contrariety.' *Rast* v. *Van Deman & Lewis Co.,* 240 US 342, 357 (36 S Ct 370, 60 L ed 679, LRA 1917A 421, Ann Cas 1917B 455)." *Baker* v. *State Land Office Board,* 294 Mich 587, 602–605.

"A classification is sufficient if it is practical and reasonable, and is not reviewable unless palpably arbitrary and unreasonable." *Tribbett* v. *Village of Marcellus,* 294 Mich 607, 612.

"In *Tribbett* v. *Village of Marcellus,* 294 Mich 607, 615, we quoted the following from *Borden's Farm Products Co., Inc.,* v. *Baldwin,* 293 US 194, 209 (55 S Ct 187, 79 L ed 281):

" 'When the classification made by the legislature is called in question, if any state of facts reasonably can be conceived that would sustain it, there is a presumption of the existence of that state of facts, and one who assails the classification must carry the burden of showing by a resort to common knowledge or other matters which may be judicially noticed, or to other legitimate proof, that the action is arbitrary.'

"We said *In re Brewster Street Housing Site,* 291 Mich 313, 335, 339:

" 'All presumptions are in favor of the constitutionality of the legislation and before it may be declared unconstitutional, it is necessary to point out the limitation upon the power of the legislature which the legislation in question transcends.   *   *   * Legislation is not unconstitutional because it is legislation of a particular kind and character, or because it benefits a particular class.   If the object and purpose of the legislation is legitimate and within the terms of the Constitution, the mere fact that there is a classification, so long as the law operates equally upon those within the particular class, does not render it unconstitutional.'

"We also said in *Tribbett* v. *Village of Marcellus, supra,* p 617:

" 'Courts, however, cannot review legislative discretion and declare a given classification arbi-

trary simply because they differ with the legislature as to the propriety of the classification and the sufficiency of the reasons upon which it is based; for the law-making power is vested in the legislature. It must not be lightly assumed that legislators are less wise, or less mindful of the mandates of the Constitution, than judges are. Therefore, it is only in cases where it is manifest upon the face of a statute that a classification therein is based upon no reason, but is purely an arbitrary act, that courts may and must, for that reason, declare unconstitutional.'" *In re Phillips,* 305 Mich 636, 641, 642.

With regard to the case at bar, the holder of a municipal franchise will in all fair probability use a very large portion of the diesel motor fuel used by him in his vehicle for travel on streets of the municipality, to the repair and upkeep of which streets the State highway fund contributes very little. We cannot say that it is unreasonable to substitute 4 for 5 cents per gallon in the case of diesel motor fuel used by vehicles operated under municipal franchise, because as compared with general users of diesel motor fuel in vehicles, the State highways will be less used (per gallon) by the vehicle whose owner and operator operates under a municipal franchise.

Sufficient reasons may fairly be considered as actually existing to furnish a valid reason for the legislature in passing Act No 319 to differentiate between users of diesel motor fuel in vehicles operating under municipal franchises and other users of diesel motor fuel on public highways. Such differentiation we consider not unjust but based on sound and fair judgment. Hence we cannot say that in such particular Act No 319 contravenes article 10, § 4 of the Michigan State Constitution.

As we do not strike down the portion of section 1 imposing the 4 cents tax, we are not required to rule

on the question raised by plaintiffs, as to whether that portion of the act could be stricken down without striking down the whole act.

Plaintiffs further claim that section 14 of the act in question violates article 10, § 6 of the Michigan State Constitution, which provides as follows:

"Every law which imposes, continues or revives a tax shall distinctly state the tax, and the objects to which it is to be applied; and it shall not be sufficient to refer to any other law to fix such tax or object."

The portion of the act in question which is claimed as offending against the section of the Constitution just cited is as follows (CL 1948, § 207.214 [Stat Ann 1947 Cum Supp § 7.339 (14)]):

"All sums of money received and collected by the secretary of State under the provisions of this act, except the license fees herein provided, shall be deposited in the State treasury to the credit of the State highway fund, and after the payment of the necessary expenses incurred in the enforcement of this act shall be used, disposed of, and appropriated in the manner provided for and to the uses and purposes provided in Act No 150 of the Public Acts of 1927 as amended."

Plaintiffs claim that because of the reference to PA 1927, No 150, as amended, the act contravenes the Constitution by making PA 1927, No 150, as amended, an essential part of the act under consideration, PA 1947, No 319.

A somewhat similar situation was before this Court in *Moreton* v. *Secretary of State,* 240 Mich 584, in which case, after reciting the objection to the validity of the act in question in that case as conflicting with article 10, § 6 of the Constitution, we say, page 590:

"As we understand the contention of the plaintiffs, it is that the object of the tax is not definitely stated

in the act, but is fixed only by reference to another law. Read in its entirety, the act plainly purports to impose a tax for financing highway construction and maintenance. It directs that, when collected, the tax shall be deposited to the credit of the State highway fund and from that fund appropriated to various highway agencies including the several counties of the State. There can be no mistake about the object of the tax. It is written all over the law. It is plain enough that it is for highway purposes. The object being apparent, it is not necessary, in order to meet the constitutional requirement, that the act should go further and state the detailed manner in which the money is to be expended."

See, also, *In re Appeal of Newton Packing Co.,* 279 Mich 139 (syllabus 4).

When we apply the reasoning in the *Moreton Case,* above cited, it becomes apparent that section 14 of Act No 319 sufficiently sets forth the objects to which the tax money realized shall be applied by prescribing the deposit in the State highway fund. Article 10, § 6, Michigan State Constitution, does not forbid a reference to some other act, but does state that the tax and the objects to which it shall be applied shall be distinctly stated in the act. Act No 319 does sufficiently state the tax and the objects of the tax without the reference following to the manner of the disposition of the funds, which latter under the ruling in the *Moreton Case* just cited, and so far as concerns compliance with article 10, § 6, may be treated as though unnecessary and superfluous. The highway fund is a well recognized and very important fund in State affairs. When the legislature said that the diesel motor fuel tax in question should be deposited in the State treasury to the credit of the State highway fund, there could be no doubt of the general object of the diesel motor fuel tax in question. Plaintiffs do not point out nor claim that PA

1927, No 150, as amended, provides a different object than the State highway fund.

We have examined fully and find without merit, plaintiffs' claim that Act No 319 in question offends against the commerce clause of the Federal Constitution. Act No 319 does not undertake to forbid or place any burden upon the carrying on of interstate commerce, nor discriminate in any way against any person, firm or corporation carrying on interstate commerce, but imposes upon the person, firm or corporation so engaged, merely the same burden that is placed upon all others who will be users of the highways of the State of Michigan. See *General Trading Co.* v. *State Tax Commission of the State of Iowa,* 322 US 335, 338 (64 S Ct 1028, 88 L ed 1309):

"Of course, no State can tax the privilege of doing interstate business. See *Western Live Stock* v. *Bureau,* 303 US 250 (58 S Ct 546, 82 L ed 823, 115 ALR 944). That is within the protection of the commerce clause* and subject to the power of congress. On the other hand, the mere fact that property is used for interstate commerce or has come into an owner's possession as a result of interstate commerce does not diminish the protection which he may draw from a State to the upkeep of which he may be asked to bear his fair share. But a fair share precludes legislation obviously hostile or practically discriminatory toward interstate commerce. See *Best & Co.* v. *Maxwell,* 311 US 454 (61 S Ct 334, 85 L ed 275).

"None of these infirmities affects the tax in this case any more than it did in the other cases with which it forms a group. The tax is what it professes to be—a nondiscriminatory excise laid on all personal property consumed in Iowa. The property is enjoyed by an Iowa resident partly because the opportunity is given by Iowa to enjoy property no matter whence acquired. The exaction is made against the ultimate consumer—the Iowa resident

---

* US Const, art 1, § 8 (3).—Reporter.

who is paying taxes to sustain his own State government."

Act No 319 does not discriminate against interstate commerce nor place upon such commerce any burden that is other or different from the burden which is borne by commerce which is purely all within the State of Michigan. The diesel motor fuel tax in question is aimed at the use of the public facility, the State highways, afforded by the State and is collected for the purpose of maintaining and repairing such highways.

Plaintiffs claim that when the definition of the word "user" in section 1, Act No 319, is compared with the definition of the word "owner" in the motor vehicle law in effect at the time of the enactment of Act No 319, the said motor vehicle law being CL 1948, § 256.1 *et seq.* (Stat Ann 1947 Cum Supp § 9.1431 *et seq.*) and referred to in the said section 1 as PA 1915, No 302, it is found that the lessee in a lease for 30 days or less is not an owner and in consequence is free from liability for the 5-cent diesel motor fuel tax imposed in Act No 319, during such lessee's operation of the diesel powered vehicle during his lease term, and plaintiffs claim Act No 319 to be therefore unjustly discriminatory in exempting (or not including) such lessee for 30 days or less as to payments of the tax of 5 cents a gallon.

The pertinent portion of section 1 of the said motor vehicle law (CL 1948, § 256.1 [Stat Ann 1947 Cum Supp § 9.1431]) is as follows:

"(g) The term 'owner' as used in this act shall include any person, firm, association or corporation owning or renting a motor vehicle or having the exclusive use thereof, under a lease or otherwise, for a period greater than 30 days."

The pertinent portion of section 1 of Act No 319 (CL 1948, § 207.201 [Stat Ann 1947 Cum Supp

§ 7.339 (1)]), so far as concerns the claim of plaintiffs last stated, is as follows:

" 'User' means any person who uses or consumes diesel motor fuel in this State in any motor vehicle used upon the public highways of this State, and who is the 'owner' of such motor vehicle under the definition contained in section 1, of the Michigan motor vehicle law, the same being Act No 302, of the Public Acts of 1915."

It is important in this connection to consider the language of section 2 of Act No 319 (CL 1948, § 207.202 [Stat Ann 1947 Cum Supp § 7.339 (2)]), which is as follows:

"A tax of 5 cents per gallon is hereby imposed upon all diesel motor fuel used for the purpose of generating power to propel motor vehicles on the public roads and highways of this State, which tax shall be paid at the times, in the manner and by the users herein specified. It is the intent of this act to impose a tax upon the use of any liquid fuel in any diesel type motor or engine used for the propulsion of motor vehicles upon the public roads and highways of this State, such tax to be in addition to the motor vehicle license tax, and to be imposed at the rate of 5 cents per gallon for all diesel fuel so used and consumed, and to compel registration, reporting of tax liability, and payment of tax by the user thereof."

Evidently the legislature intended (sections 1 and 2 of Act No 319 being read together) to tax all diesel motor fuel used in diesel-type motors for propulsion of vehicles on the public highways and roads of the State, without exception. The words in section 1 are to be construed with such intent in mind. We therefore conclude that the quoted definitions of the words "owner" and "user" are intended (so far as liability for the payment of the tax is concerned) to be inclusive in meaning and not exclusive, that is,

"owner" includes (with others) the owner who has leased his vehicle for 30 days or less and has caused that his vehicle, by reason of such lease, is engaged in consumption of diesel motor fuel on the public roads and highways in propelling vehicles. The owner (using the word in its commonly accepted meaning) of the vehicle leased for 30 days or less is therefore liable for the tax on diesel motor fuel used in his vehicle propelled by diesel engine on the public highways and there is no exemption of such fuel so consumed and there is no discrimination and no exemption as to use of such fuel so far as concerns liability for the tax imposed by Act No 319.

There is no good ground for holding that Act No 319 violates the due process and equal protection clauses of the Federal Constitution.*

We have carefully considered the objections to the act in question and find that in none of the particulars complained of does PA 1947, No 319, offend against either the Federal Constitution or the Constitution of the State of Michigan. The decree appealed from dismissed the bill of complaint. The temporary injunction heretofore issued by the trial court is dissolved. The decree dismissing the bill is affirmed. No costs, a public question being involved.

Boyles, C. J., and North, Dethmers, Butzel, Carr, Bushnell, and Sharpe, JJ., concurred.

---

* US Const, am 14.—Reporter.