HUGHES v JUDGES' RETIREMENT BOARD

Docket No. 60922. Argued December 6, 1978 (Calendar No. 12).—
Decided August 28, 1979.

Sam Street Hughes and Marvin J. Salmon, retired circuit judges,
brought an original action in the Court of Appeals for a writ of
mandamus to compel the Judges' Retirement Board to increase
their pension benefits. They assert that they are entitled to an
annuity increase under the 1974 amendment of the Judges'
Retirement Act, which became effective after they retired. The
defendant has applied the amendment exclusively to judges
who have retired after the effective date of the amendment and
argues that the plaintiffs are seeking retrospective application
of the act. The Court of Appeals, Bashara, P.J., and V. J.
Brennan and R. M. Maher, JJ., denied the relief requested by
the plaintiffs (Docket No. 77-3538). Plaintiffs appeal. *Held:*

1. The plaintiffs argue that they seek payment of the in-
creased benefits authorized by the amendment prospectively
only, from the effective date of the legislation and not retro-
spectively from the dates of their retirements. A retrospective
law is one which takes away or impairs vested rights acquired
under existing laws, or creates a new obligation and imposes a
new duty, or attaches a new disability with respect to transac-
tions or considerations already past. A statute is construed to
have only prospective effect unless the Legislature, expressly or
impliedly, indicates its intention to give it retrospective effect.
That the plaintiffs seek the beneficial effect of increasing their
pensions does not alter the rule that, in the absence of legisla-
tive intent to the contrary, a statute may not be applied
retrospectively.

2. A statute is not regarded as operating retrospectively

REFERENCES FOR POINTS IN HEADNOTES

[1, 3] 73 Am Jur 2d, Statutes § 348.

[2, 4, 5, 13] 73 Am Jur 2d, Statutes §§ 350, 351.

[4-13, 15, 16] 46 Am Jur 2d, Judges § 65.
   73 Am Jur 2d, Statutes § 343.

[7] 73 Am Jur 2d, Statutes § 194.

[14] 73 Am Jur 2d, Statutes § 41.

[15, 16] 16 Am Jur 2d, Constitutional Law § 137 *et seq.*
   73 Am Jur 2d, Statutes §§ 37, 42.

because it relates to an event before its passage, or because some of the requisites for its application are drawn from a time antedating its passage. In requesting benefits not from the date of retirement but from the effective date of the amendment in question, the plaintiffs seek only prospective application of it. Likewise, providing benefits under the amendment to judges who fulfilled their service requirements prior to the effective date of the amendment does not offend the rule against retrospectivity.

3. In order to be entitled to benefits from the effective date of the amendment, the plaintiffs must, as a condition precedent, have had the requisite pensionable status under the amendment at the time of its passage. The language of the Judges' Retirement Act setting forth the requisites for a pensionable status is clear and unambiguous. To attain pensionable status under the amendment, a judge must be a member of the retirement system. The plaintiffs are presently beneficiaries of the retirement system receiving annuities provided by the act. By legislative definition, the plaintiffs are no longer members of the retirement system, because membership terminates when a judge becomes a beneficiary. A judge is either a contributing member or a retired beneficiary. He cannot be both at once.

4. Only those judges who were members of the retirement system on the effective date of the 1974 amendment may claim its benefits. It follows that as retired beneficiaries, the plaintiffs are not members of the retirement system and were not members on the effective date of the 1974 amendment. They do not have the requisite pensionable status to entitle them to its benefits. The Legislature in adopting the amendment did not confer the newly increased benefits upon persons who were already beneficiaries under the Judges' Retirement System. In the past, when the Legislature wished to confer newly enacted retirement benefits upon retired beneficiaries, it did so explicitly. The Legislature is presumed to have considered whether the 1974 amendment should be applied to beneficiaries already in retirement.

5. The plaintiffs' alternative argument, that when the 1974 amendment became effective it repealed the statutory provisions it replaced, and that therefore the plaintiffs must receive benefits under the amendment or be left with no benefits at all, is without merit. It proves too much, considering the fact that the plaintiffs presently receive annuity benefits under the escalator clause of the 1956 amendment, which was expressly repealed in 1961. The plaintiffs' rights under the escalator

clause became vested upon their retirement and cannot be extinguished or diminished by any subsequent legislative act.

6. The plaintiffs also argue that they are being denied equal protection of the laws by the defendant's failure to apply the 1974 amendment to them. Legislation is not unconstitutional because it is of a particular kind or character, or because it benefits a particular class, so long as the law operates equally upon those within the class. This amendment includes all within the two classes, judges who retired before the amendment and those who retired after it; consequently it is not arbitrary or unreasonable. The Legislature in its wisdom determines who shall receive benefits. In this case it chose to exclude the plaintiffs. The Court cannot and will not question its reasons unless they appear to be palpably arbitrary or unreasonable.

7. The legislative purpose of the act as stated at the time of the 1974 amendment was to provide a Judges' Retirement System to induce competent and qualified attorneys to become judges and to remain in that service. In view of that purpose, it cannot be said that the distinction created between judges who retired prior to the 1974 amendment and those who retire after it is arbitrary, unreasonable or devoid of rational basis. The 1974 increase in judicial retirement benefits could not serve as an inducement to become or remain an active judge to one who has already retired from a judgeship. The classification the plaintiffs question is rationally related to the object of the legislation in which it was made.

Affirmed.

1. STATUTES — RETROSPECTIVE EFFECT — WORDS AND PHRASES.

A retrospective law is one which takes away or impairs vested rights acquired under existing laws, or creates a new obligation and imposes a new duty, or attaches a new disability with respect to transactions or considerations already past.

2. STATUTES — CONSTRUCTION — RETROSPECTIVE EFFECT.

A statute is construed to have only prospective effect unless the Legislature, expressly or impliedly, indicates its intention to give it retrospective effect; the rule is not altered by whether the statute is beneficial or detrimental.

3. STATUTES — RETROSPECTIVE EFFECT — WORDS AND PHRASES.

A statute is not regarded as operating retrospectively because it relates to an antecedent event; merely because some of the requisites for its application are drawn from before its passage does not constitute a law retrospective.

4. PENSIONS — JUDGES — RETIREMENT ACT — ELIGIBILITY FOR BENE-
   FITS — PRIOR SERVICE.

The Judges' Retirement Act does not require that eligibility for a
pension should depend upon circumstances occurring subse-
quent to the passage of the law; a period of service by a retired
judge before the passage of the act is taken into consideration
in determining eligibility for its benefits (MCL 38.801 *et seq.;*
MSA 27.125[1] *et seq.*).

5. PENSIONS — JUDGES — RETIREMENT ACT — ELIGIBILITY FOR BENE-
   FITS — PRIOR SERVICE — PROSPECTIVE EFFECT.

Retired judges, in requesting benefits not from the date of retire-
ment but from the effective date of an amendment to the
Judges' Retirement Act, which was enacted after their retire-
ment, seek only prospective application of the amendment;
likewise, providing benefits under the amendment to judges
who fulfilled their service requirements prior to the effective
date of the amendment does not offend the rule against retro-
spectivity (1974 PA 337).

6. PENSIONS — JUDGES — RETIREMENT ACT — ELIGIBILITY FOR BENE-
   FITS.

Retired judges, in order to be entitled to pension benefits from
the effective date of an amendment to the Judges' Retirement
Act, as a condition precedent, must have had the requisite
pensionable status under the amendment at the time of its
passage (1974 PA 337).

7. PENSIONS — JUDGES — RETIREMENT ACT — ELIGIBILITY FOR BENE-
   FITS — STATUTES — CONSTRUCTION.

The language of the Judges' Retirement Act setting forth the
requisites for pensionable status is clear and unambiguous; to
discern its meaning a court need not resort to rules of statutory
construction, or substitute its own opinion as to what it may
regard as fair for the Legislature's plain language and stated
purpose (MCL 38.801 *et seq.;* MSA 27.125[1] *et seq.*).

8. PENSIONS — JUDGES — RETIREMENT ACT — ELIGIBILITY FOR BENE-
   FITS.

A judge must be a "member" of the Judges' Retirement System
and have more than 12 years of service credited to his account
to attain pensionable status under the 1974 amendment of the
Judges' Retirement Act (1974 PA 337).

9. PENSIONS — JUDGES — RETIREMENT ACT — MEMBERS — WORDS
   AND PHRASES.

Retired judges who are beneficiaries of the Judges' Retirement

System receiving annuities provided by the act are, by legislative definition, no longer "members" of the retirement system (MCL 38.802, 38.812; MSA 27.125[2], 27.125[12]).

10. PENSIONS — JUDGES — RETIREMENT ACT — MEMBERS — BENEFICIARIES.

A judge affected by the Judges' Retirement Act is either a contributing member of the Judges' Retirement System or a retired beneficiary; he cannot be both at once (MCL 38.802, 38.812; MSA 27.125[2], 27.125[12]).

11. PENSIONS — JUDGES — RETIREMENT ACT — ELIGIBILITY FOR BENEFITS — PENSIONABLE STATUS.

Only those judges who were members of the Judges' Retirement System on the effective date of the 1974 amendment may claim its benefits; former judges who were retired beneficiaries on the effective date of the amendment are not entitled to its increased benefits (1974 PA 337).

12. PENSIONS — JUDGES — RETIREMENT ACT — AMENDMENTS — ELIGIBILITY FOR BENEFITS.

An argument that when the 1974 amendment to the Judges' Retirement Act became effective it repealed the statutory provision it replaced and that therefore the beneficiaries who retired prior to the amendment's effective date must receive benefits under the amendment or be left with no benefits at all is without merit; it fails for proving too much where the beneficiaries so arguing presently receive annuity benefits under the escalator clause of the 1956 amendment, which was expressly repealed in 1961 (1956 PA 224, 1961 PA 169, 1974 PA 337).

13. PENSIONS — JUDGES — RETIREMENT ACT — AMENDMENTS — OBLIGATION OF CONTRACTS.

Retired judges who were members of the Judges' Retirement System during the effective time of an escalator clause of the Judges' Retirement Act, which tied the pensions of retired judges to the increasing salaries of active judges, acquired a contractual right to an annuity computed upon the language of the escalator clause which became vested upon their retirement and cannot be extinguished or diminished by any subsequent legislation (1956 PA 224).

14. STATUTES — EQUAL PROTECTION.

Legislation is not unconstitutional under the Equal Protection Clause because it is legislation of a particular kind or character, or because it benefits a particular class, so long as the law

operates equally upon those within the particular class (US Const, Am XIV; Const 1963, art 1, § 2).

15. Pensions — Statutes — Eligibility for Benefits — Equal Protection.

An amendment to a public employees' retirement act which creates a distinction between persons who become eligible for benefits before the effective date of the amendment and persons who become eligible after the effective date is not arbitrary or unreasonable; the Legislature in its wisdom determines who shall receive pension benefits, and the Court cannot and will not question its reasons for choosing to exclude plaintiffs who became eligible for benefits before the effective date of the amendment unless the reasons appear to be palpably arbitrary or unreasonable (US Const, Am XIV; Const 1963, art 1, § 2).

16. Pensions — Judges — Retirement Act — Eligibility for Benefits — Equal Protection.

The distinction created between judges who retire prior to the 1974 amendment of the Judges' Retirement Act, which increased the benefits payable to judges who retired after its effective date, and those who retire after the amendment, cannot be said to be arbitrary, unreasonable, or devoid of rational basis under the Equal Protection Clause where it was the Legislature's stated purpose that the increase in benefits provided by the amendment serve as an inducement to competent and qualified attorneys to become judges or to remain in office; the amendment could not act as an inducement to a person who had already retired from a judgeship (US Const, Am XIV; Const 1963, art 1, § 2; 1974 PA 337).

*Sinas, Dramis, Brake, Turner, Boughton, McIntyre & Reisig, P.C.,* for plaintiffs.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Gerald F. Young,* Assistant Attorney General, for defendants.

Ryan, J. Retired Circuit Judges Sam Street Hughes and Marvin J. Salmon filed suit in the Court of Appeals, as an original proceeding under GCR 1963, 714, praying for a writ of mandamus to compel the defendant to increase their pension

benefits under the Judges' Retirement Act[1] in accordance with the 1974 amendment to the act. Judge Hughes became a member of the Judges' Retirement System on April 19, 1957, the first day of his employment as an Ingham Circuit Judge. He retired from that office on January 1, 1973 and since that time has received an annuity as a beneficiary of the Judges' Retirement System.

Judge Salmon became a member of the retirement system on January 1, 1952. He retired from his judgeship on January 1, 1974 and likewise has been receiving retirement benefits ever since.

The amount of the retirement annuity being paid the plaintiff judges is computed according to the provisions of § 14 of the Judges' Retirement Act. At the time Judges Hughes and Salmon retired, § 14 as applied to them provided that their pension benefits were to be an amount equal to one-half the salary "being currently paid" by the state to circuit judges.[2]

---

[1] 1951 PA 198; MCL 38.801 *et seq.;* MSA 27.125(1) *et seq.*

[2] The plaintiffs are among a relatively small and historically exclusive group of retired jurists whose pensions are based not upon the salary paid them at the time of their retirement, but upon the sum currently being paid judges of the court from which they retired.

As originally adopted in 1951, the Judges' Retirement Act provided for payment of an annuity in the fixed sum of $4500. 1951 PA 198, § 14. A 1952 amendment increased the sum to $7500 for retired Supreme Court Justices only. In 1956 the Legislature again amended § 14, this time providing, *inter alia,* that retired circuit judges receive an annuity equal to one-half the salary "being currently paid" sitting circuit judges. Thus was enacted the so-called "escalator clause" which tied the pensions of retired judges to the steadily increasing salary of active judges. In 1961 the Legislature repealed the escalator clause and provided that judicial pensions would be one-half the annual salary paid by the state to a judge at the time of his retirement.

In *Campbell v Judges' Retirement Board,* 378 Mich 169; 143 NW2d 755 (1966), this Court held that judges who were members of the retirement system during the escalator clause era of 1956 to 1961 acquired a vested contractual right to an annuity computed upon the escalator clause language of 1956 PA 224, whenever they retired.

The plaintiffs are in that category. Judge Hughes joined the retire-

In 1974, § 14 of the Judges' Retirement Act was again amended to provide, in part, as follows:

"Upon a member's retirement as provided in section 13 or section 16, he shall be paid a straight life annuity terminating upon his death equal to 50% of the annual salary paid by the state to him at the time of retirement for the first 12 years of service credited to his account. In addition thereto for each year or fraction of a year of service credited to his account, up to 4 additional years, his straight life annuity, terminating upon death, shall be increased 2 1/2% of his annual salary paid by the state. Not more than 16 years of service may be used to determine the amount of annuity to be paid."[3]

The 2-1/2% annuity increase for each year of service in excess of 12 years and up to 16 years has been applied by the Judges' Retirement Board exclusively to judges who have retired after the effective date of the amendment, December 18, 1974. Thus, plaintiffs have received none of those benefits.

On November 23, 1976, plaintiffs' attorney sent a letter to the Executive Secretary of the Judges' Retirement System demanding that his clients be accorded increased annuity payments in conformity with 1974 PA 337, § 14, even though plaintiffs

ment system in 1957 and Judge Salmon in 1952. Thus their pensions have increased each time the state portion of the salary of sitting circuit judges has been increased. Judge Hughes' pension has gone from $12,600 per year at his retirement to $15,425 per year now and Judge Salmon's from $13,078.50 at his retirement to $15,425 now.

Judges who became members of the judges' retirement system after 1961 are not entitled to the escalator clause, and receive an annuity based upon their salary at the time of retirement.

[3] Section 14 was again amended in 1976 and 1978, but the textual changes relevant to our present inquiry effected by these amendments were merely stylistic. For purposes of convenience, future reference to the 1974 amendment to § 14 should be read to include the 1976 and 1978 amendments. 1976 PA 134, 1978 PA 351.

had retired prior to its effective date, December 18, 1974. The specific relief requested was as follows:

"1) The payment of the additional 9-1/2% annuity to Judge Sam Street Hughes from December 18, 1974 to date, plus the legally allowed interest on that overdue sum, taking into consideration whatever options he has previously selected.

"2) The payment of the additional 10% annuity payment for Judge Marvin Salmon from December 18, 1974 to date, plus the legally allowed interest on that overdue sum, taking into consideration whatever options he has previously selected.

"3) Commencing as of this date, Judge Hughes' annuity payments should be increased to 59-1/2% of the current salary of a circuit court judge, taking into consideration whatever options he has previously selected.

"4) Commencing as of this date, Judge Salmon's annuity payment should be increased to 60% of the current salary of a circuit court judge, taking into consideration whatever options he has previously selected."

In effect, plaintiffs sought to combine the 10% increased benefit maximum of 1974 PA 337, § 14, with the 50% escalator clause of 1956 PA 224, § 14, so that their annuity payments from December 18, 1974 into the future would always equal 60% of the then current salary paid by the state to circuit judges.

In a reply letter, the Executive Secretary denied the requested relief, relying upon an earlier opinion of the Attorney General[4] which held that § 14 as amended by 1974 PA 337 "contains no language which either expressly or by implication indicates that it is intended to operate retrospectively" to

---

[4] OAG, 1975-1976, No. 5008, p 620 (September 29, 1976).

allow payment of benefits provided thereunder to judges retired prior to the amendment.

Complaint for mandamus was then filed by plaintiffs in the Court of Appeals which, by order dated December 21, 1977, denied all relief sought.

This Court granted leave to appeal, limited to the following questions: (1) whether plaintiffs are seeking retrospective application of 1974 PA 337, § 14, as amended by 1976 PA 134; and (2) whether the nonapplication of the cited public acts to judges who retired prior to December 18, 1974, violates equal protection of the laws.

## I. RETROSPECTIVITY

### A

Recognizing that as a general rule this Court has not countenanced retrospective application of statutory enactments absent legislative direction to do so, plaintiffs argue that 1974 PA 337 need not be applied retrospectively in order to confer its benefit upon judges who retired prior to December 18, 1974, its effective date. Their argument is that they seek payment of the increased benefits authorized by the amendment prospectively only, from the effective date of the legislation, and not retrospectively from the dates of their retirements. The plaintiffs concede that if the new benefits were awarded from the date of their retirement, which for both of them was prior to December 18, 1974, the amendment would have to be applied retrospectively.

Plaintiffs concede that there is no expression of legislative intent that the increased benefits of amended § 14 are payable to any judges for any period prior to the enactment of the amendment.

Despite that concession, the first stated issue warrants brief development.

A retrospective law is one which takes away or impairs vested rights acquired under existing laws, or creates a new obligation and imposes a new duty, or attaches a new disability with respect to transactions or considerations already past. *Barber v Barber,* 327 Mich 5; 41 NW2d 463 (1950). A statute is construed to have prospective effect only unless the Legislature expressly, or impliedly, indicates its intention to give it retrospective effect. *McQueen v Great Markwestern Packing Co,* 402 Mich 321; 262 NW2d 820 (1978). An example of an attempt to apply an act retrospectively in the context of the Judges' Retirement Act confronted this Court in *Campbell v Judges' ·Retirement Board,* 378 Mich 169; 143 NW2d 755 (1966).

In 1961, with the passage of 1961 PA 169, the Legislature eliminated the escalator clause it had adopted in 1956 which was the basis for computing retirants' annuities. In *Campbell* the defendant Judges' Retirement Board argued that the repeal of the escalator clause was applicable not only to judges retiring after its effective date, but to those who retired prior thereto as well. This Court held that application of the 1961 repeal of the escalator clause to judges who retired under the benefits of the clause would give retrospective effect to the repealer. The Court refused to apply the repealer in that fashion, reasoning that once a judge agreed to enter the retirement system and pay contributions, a contract was formed and his right to receive certain retirement benefits became vested when he chose to retire. Thereafter, his rights under the contract could not be diminished or impaired by legislative amendment, although the Legislature could choose to add benefits by subsequent amendment. *Campbell, supra,* at 181.

We agree that Judges Hughes and Salmon do not seek retrospective application of 1974 PA 337 as statutory retrospectivity is generally understood, because rather than impair or diminish their vested rights to retirement benefits, the computation formula of the 1974 amendment would have the immediate beneficial effect of increasing their pensions. This reality does not alter the rule, however, that whether beneficial or detrimental, in the absence of legislative intent to the contrary, a statute may not be applied retrospectively.

A statute is not regarded as operating retrospectively because it relates to an antecedent event. Merely because some of the requisites for its application are drawn from a time antedating its passage does not constitute a law retrospective. *Clearwater Twp v Board of Supervisors of Kalkaska County,* 187 Mich 516; 153 NW 824 (1915). Certainly the Judges' Retirement Act does not require that eligibility for a pension should depend upon circumstances occurring subsequent to enactment of the law. A retirant's period of judicial service prior to passage of the act is permitted to be taken into consideration in determining eligibility for its benefits.

It is unthinkable that only those judges who served 12 or more years after the effective date of the 1974 amendment would be entitled to the benefits provided thereunder. Thus, to apply the amendment to persons who presently possess a continuing status, even though a part or all of the requirements to constitute it were fulfilled prior to the passage of the amendment, does no violence to the rule prohibiting retrospective application of a statute. See *People ex rel Albright v Board of Trustees of the Firemen's Pension Fund of the City & County of Denver,* 103 Colo 1, 11; 82 P2d 765 (1938).

We are satisfied that by requesting benefits not from the date of retirement but from the effective date of the amendment in question, plaintiffs seek only prospective application of the amendment. We are likewise satisfied that providing benefits under the amendment to judges who fulfilled their service requirements prior to the effective date of the amendment does not offend the rule against retrospectivity.

The conclusion that 1974 PA 337 need not be applied retrospectively in order to afford plaintiffs relief from the effective date of amendment is not the end of the obstacles confronting plaintiffs.

## B

Implicit in any conclusion that the retrospectivity issue does not preclude plaintiffs' entitlement to benefits under the amendment is the assumption that they are otherwise eligible to receive the benefits in question.

The totality of requisites under the act which constitute a person eligible for benefits is known in pension law parlance as "pensionable status".

In order to be entitled to pension benefits from the effective date of the 1974 amendment to § 14, plaintiffs must, as a condition precedent, have had the requisite pensionable status under the amendment at the time of its passage.

The language of the Judges' Retirement Act setting forth the requisites for a pensionable status is clear and unambiguous. To discern its meaning we need not resort to highly technical rules of statutory construction, or substitute our own opinion as to what we may regard as fair for the Legislature's plain language and stated purpose. See *Jones v Grand Ledge Public Schools,* 349 Mich

1; 84 NW2d 327 (1957); *Nordman v Calhoun,* 332 Mich 460; 51 NW2d 906 (1952).

The pertinent part of 1974 PA 337, § 14 under which plaintiffs seek relief is set forth, *supra,* and provides that the newly created benefits are payable "[u]pon a member's retirement".

There are two essential requirements for attaining pensionable status under the amendment. A judge must: (1) be a *member* of the Judges' Retirement System, and (2) have more than 12 years of service credited to his account. Since both plaintiffs had well over 12 years of service credited to their accounts, it is the element of membership in the retirement system which is critical to their attainment of pensionable status under the amendment. To determine whether plaintiffs are "members" of the retirement system we look first to the act itself. Section 2(c) states:

" 'Member' means a judge who, subject to this act, agrees to become a member of the retirement system."

It is uncontroverted that Judges Hughes and Salmon became members of the retirement system in 1957 and 1952, respectively. However, § 12 of the act provides:

"A judge's membership in the retirement system shall terminate (1) whenever he becomes a beneficiary; * * *."

Section 2(i) of the act defines a beneficiary as follows:

" 'Beneficiary' means a person in receipt of the annuity or other benefit provided by this act."

Plaintiffs do not dispute that they are presently

beneficiaries of the retirement system receiving annuities "provided by this act". By legislative definition then, they are no longer "members" of the retirement system.

This Court, too, has held that under the terms of the act retired judges are no longer members of the retirement system. In *Campbell v Judges' Retirement System, supra,* at pp 180-181, the Court stated:

"In this case plaintiffs, who had been judges and contributing members of the judges' retirement system, elected to and did retire under the governing act. Under that act and particularly Section 12 thereof, they, thereupon, ceased to be members of the system. When they so retired and ceased to be members of the system, their contract was completely executed and their rights thereunder became vested."

There are two distinct categories of persons affected by the act: First, those judges who agree to become members of the retirement system and in pursuance thereof voluntarily continue to contribute to the pension system as members, and second, those judges whose rights to benefits under the system have vested and who no longer contribute to the system as members, but instead receive annuity payments as beneficiaries. A judge is either a contributing member or a retirant-beneficiary. He cannot be both at once.

The express legislative mandate that "[u]pon a member's retirement * * * [the member] shall be paid a straight life annuity * * *", and that a judge's membership terminates "whenever he becomes a beneficiary", means that only those judges who were members of the retirement system on the effective date of 1974 PA 337, § 14, may claim its benefits.

It follows then that as retirant-beneficiaries, plaintiffs are not members of the retirement system and were not on the effective date of the 1974 amendment to § 14. They do not have the requisite pensionable status to entitle them to its benefits.

Consequently, we conclude that in adopting 1974 PA 337, § 14, and thereby increasing judicial retirement benefits, the Legislature did not confer the newly increased benefits upon persons who were already beneficiaries under the Judges' Retirement System.

Our interpretation of the language of the statute as limiting eligibility for the benefits of amended § 14 to those judges who were members of the retirement system at the time of the adoption of the amendment is fortified by the fact that in the past, when the Legislature wished to confer newly enacted retirement benefits upon retirant-beneficiaries, it did so explicitly. For example, when enacting the escalator provisions of § 14 of 1956 PA 224, the Legislature provided:

"The retirement annuity herein required to be paid *shall also be paid to those members already on retirement* in a sum equal to that which they would receive if they retired after the effective date of this amendatory act." (Emphasis added.)

That language was subsequently deleted by 1961 PA 169 and similar language has not been revived since.

In view of its own prior course of conduct in dealing with this same retirement act, and its awareness of this Court's language in *Campbell,* the Legislature is presumed to have been mindful of the question whether the 1974 amendment should apply to pensioners already in retirement.

Consequently, in light of the history of the act,

its unmistakable definitional language and the absence of express legislative direction that the benefits of the 1974 amendment are to be applied to persons already on the pension rolls, we are bound to conclude that they are not to be so applied.

Plaintiffs' reliance upon *People ex rel Albright v Firemen's Pension Fund, supra,* for the contrary result is not convincing. Important to the decision in that case, as it is in the instant case, was the determination whether the plaintiffs had a pensionable status at the effective date of the act's amendment. The words of the amendment defining the pensionable status under the Colorado statute provided that "[i]f any member * * * shall die * * * *while on the retired list,* leaving a surviving widow" (emphasis added) such widow was entitled to increased benefits under the amendment. That language of the Colorado statute obviously differs significantly from our own, since under the former the term "member" expressly included those persons who had already retired. Within such statutory framework, it naturally followed that the Colorado Supreme Court would conclude that the widows of retired firemen, who died prior to the effective date of the amendment, had the requisite pensionable status entitling them to increased benefits.

States with pension statutes similar to our own have also concluded that, by virtue of the statutory language employed, retired employees do not have a pensionable status entitling them to prospective benefits under an amendatory provision. See *Snuggs v Arkansas State Employees Retirement System,* 241 Ark 402; 407 SW2d 933 (1966); *Cross v Graham,* 224 Ark 277; 272 SW2d 682 (1954); *Board of Trustees of the Police Pension &*

*Retirement System of Oklahoma City v Burns,* 348
P2d 1067 (Okla, 1959).[5]

## C

We find meritless plaintiffs' alternative argu-
ment that when 1974 PA 337, § 14, became effec-
tive it repealed the statute it replaced, and there-
fore the beneficiaries who retired prior to the
effective date must receive the benefits under the
1974 amendment or be left with no benefits at all.

This argument, while novel, fails for proving too
much, particularly considering the fact that plain-
tiffs presently receive annuity benefits under the
escalator clause of 1956 PA 224, § 14, which was
expressly repealed in 1961.

Plaintiffs' right to receive benefits under the
escalator clause became vested upon their retire-
ment and cannot be extinguished or diminished by
any subsequent legislative act. *Campbell v Judges'
Retirement System, supra.*[6]

## II. EQUAL PROTECTION

The second issue upon which this Court granted

___

[5] In *Snuggs,* an amendatory provision to the public employee retire-
ment system provided increased benefits to "[a]ny member who re-
tires". Snuggs, a retired court reporter, was denied the right to
participate in any such increase because, under another section of the
Arkansas act similar to our own, it was provided that "[u]pon a
member's retirement or death he shall thereupon cease to be a
member of the System". It was thus evident to the Arkansas court
that Snuggs did not have a pensionable status on the effective date of
the amendment.

In *Cross* and *Burns,* the courts read special significance into the
Legislature's use of the word "shall" in enacting amendments to
retirement acts. While it is not necessary for this Court to engage in
such fine semantic evaluations of the legislative intent, we find
instructive the decisions of those courts which have characterized the
Legislature's use of the word "shall" as connoting a "forward-looking
* * * operation" and "envisage the attachment of certain rights to a
pensionable status to be achieved in the future".

[6] See, also, *Minty v Board of State Auditors,* 336 Mich 370; 58
NW2d 106 (1953).

leave was to consider whether plaintiffs are being denied equal protection of the laws under the Michigan and United States Constitutions[7] by reason of the nonapplication of 1974 PA 337, § 14, to judges who retired prior to the amendment's effective date.

We hold that the Court of Appeals correctly relied upon this Court's decision in *Burgess v Detroit,* 359 Mich 269; 102 NW2d 483 (1960), to dispose of the plaintiffs' equal protection challenge. In *Burgess, supra,* at 280, this Court stated:

"The remaining question is whether such exclusion makes the amendment unconstitutional. All widows of policemen and firemen whose husbands were members of the new policemen and firemen retirement system at date of death or retirement are in one class and subject to the new provisions for benefits. All widows prior to the amendment are in another class. This Court has many times held that legislation is not unconstitutional because it is legislation of a particular kind or character, or because it benefits a particular class, so long as the law operates equally upon those within the particular class. *In re Phillips,* 305 Mich 636 [9 NW2d 872 (1945)]; *Lake Shore Coach Lines, Inc v Secretary of State,* 327 Mich 146 [41 NW2d 503 (1950)]; *People's Appliance, Inc v City of Flint,* 358 Mich 34 [99 NW2d 522 (1959)]. This amendment includes all within the respective classes; consequently, it is not arbitrary or unreasonable. The legislative body in its wisdom determines who shall receive benefits. In this instance it chose to exclude plaintiffs. This Court cannot and will not question its reasons unless they appear to be palpably arbitrary or unreasonable. *Ver Hoven Woodward Chevrolet, Inc v Dunkirk,* 351 Mich 190 [88 NW2d 408 (1958)]; *Metropolitan Funeral System Ass'n v Commissioner of Insurance,* 331 Mich 185 [49 NW2d 131 (1951)]."

---

[7] Const 1963, art 1, § 2; US Const, Am XIV.

We need add little to the above analysis. As demonstrated in Part I, above, the Legislature did not intend to provide increased benefits to judges who retired prior to the effective date of 1974 PA 337, § 14. In view of the legislative purpose of the Judges' Retirement Act, this Court cannot say that the distinction created between judges who retire prior to the amendment and those who retire after the amendment is arbitrary, unreasonable, or devoid of rational basis. The purpose of the act as expressed at the date of the 1974 amendment was as follows:

"AN ACT to provide for a judges' retirement system *for the purpose of inducing competent and qualified attorneys to become judges and to remain in the service of the people of the state as judges;* to provide for the retirement of judges due to age or disability; to provide for the payment of annuities; to create a judges' retirement board and prescribe its powers and duties; to establish certain funds in connection therewith; to provide for contributions thereto by judges and by the state; and to provide penalties for failure to comply with the provisions of this act." (Emphasis added.) 1951 PA 198, § 1.

It was the Legislature's purpose that the increase in judicial retirement benefits provided by the annuity computation formula of 1974 PA 337, § 14, serve as an inducement to competent and qualified attorneys to become judges, or to remain judges if already in office. The amendment could not act as an incentive to become or remain an active judge to someone who had already retired from a judgeship.

Subsequent amendment has deleted reference to any express legislative purpose. 1978 PA 351, § 1. However, we are not convinced that is indicative

of the fact that the legislative intent was necessarily changed.

The classification the plaintiffs question is rationally related to the object of the legislation in which it is made. *Shavers v Attorney General,* 402 Mich 554; 267 NW2d 72 (1978), *cert den* 442 US 934 (1979).

The Court of Appeals is affirmed.

COLEMAN, C.J., and KAVANAGH, WILLIAMS, LEVIN, FITZGERALD, and BLAIR MOODY, JR., JJ., concurred with RYAN, J.