WISE v STATE OF MICHIGAN

Docket No. 92514. Submitted January 21, 1987, at Lansing. Decided April 21, 1987.

Plaintiffs, John M. Wise, Theodore R. Bohn, and others, comprising a class of those judges, the widows of judges and the estates of those judges and their widows, who were judges and members of the judges' retirement system prior to September 8, 1961, and who retired from the bench after December 18, 1974, brought an action in the Court of Claims alleging that the defendants, State of Michigan, the Department of Management and Budget, the Judges' Retirement Board and the Judges' Retirement System, incorrectly computed the retirement annuity to be paid them under the retirement system. The Court of Claims, James R. Giddings, J., granted summary disposition in favor of the defendants. Plaintiffs appeal. At issue is the question of whether "escalator" judges, those who are to receive an annuity of one-half the annual salary being paid by the state to sitting judges by virtue of § 14 of 1956 PA 224, who retire after the effective date of § 14 of 1974 PA 337, which provides additional length-of-service benefits, are entitled to benefits calculated under both the escalator clause and the length-of-service clause. The trial court determined that the plaintiffs were not entitled to benefits under both clauses.

The Court of Appeals *held:*

1. Plaintiffs are entitled to benefits calculated under both the escalator clause and the length-of-service clause.

2. Plaintiffs, by virtue of their membership in the retirement system during the time of the escalator clause, derived a vested right to benefits calculated under that clause. Thereafter, while the Legislature could not reduce their benefits, it could grant them additional benefits. This it chose to do in 1974 by adding the length-of-service benefits for all then sitting and future judges, regardless of their status as an escalator judge. Plain-

REFERENCES

Am Jur 2d, Judges § 65.

Am Jur 2d, Pensions and Retirement Funds §§ 41, 45, 62, 64.

See the annotations in the Index to Annotations under Judges; Pension and Retirement.

tiffs have a vested right to retirement benefits calculated under both the escalator clause and the length-of-service clause.

Reversed and remanded.

JUDGES — RETIREMENT BENEFITS — JUDGES' RETIREMENT ACT.

Judges, the widows of judges, and the estates of those judges and their widows, who were judges and members of the judges' retirement system prior to September 8, 1961, and who retired from the bench after December 18, 1974, have a vested right to retirement benefits calculated under both an escalator clause as established in a 1956 amendment of the Judges' Retirement Act and to additional length-of-service benefits pursuant to a 1974 amendment of the act (MCL 38.814; MSA 27.125[14]).

*Fischer, Franklin, Ford, Simon & Hogg* (by *George Hogg, Jr., Philip E. Chaffee* and *Sidney M. Berman*), for plaintiffs.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *Michael A. Lockman* and *Susan A. Harris,* Assistant Attorneys General, for defendants.

Before: M. J. KELLY, P.J., and SAWYER and M. R. KNOBLOCK,* JJ.

PER CURIAM. In this class action lawsuit, plaintiffs are a relatively small and historically exclusive class, comprised of those judges, the widows of judges, and the estates of those judges and their widows, who were judges and members of the judges' retirement system prior to September 8, 1961, and who retired from the bench after December 18, 1974. In essence, plaintiffs argue that defendants incorrectly computed the retirement annuity to be paid them under the retirement system. In the Court of Claims, summary disposition was granted in favor of defendants. Plaintiffs now appeal and we reverse.

The present action arises out of the fact that the

* Circuit judge, sitting on the Court of Appeals by assignment.

method for computing a retired judge's retirement annuity has been changed over the years. The judges' retirement system was established by the Legislature pursuant to 1951 PA 198, the Judges' Retirement Act. MCL 38.801 *et seq.;* MSA 27.125(1) *et seq.* Section 14 of the act originally provided for a retirement annuity of $4,500 per year. In 1952, the act was amended to increase the annuity to $7,500 for retired Supreme Court justices. In 1956, § 14 of the act was again amended, by 1956 PA 224, to provide that a retired judge would receive an annuity of one-half the annual salary being paid by the state to sitting judges. This amendment became known as the "escalator" clause because, as the salary of sitting judges increased, the retirement annuity also increased. The 1956 amendment also amended § 19 of the act to provide for the widows of judges to receive a retirement annuity of one-half the amount of the judge's annuity.

Five years later, § 14 was again amended, by 1961 PA 169, which abolished the escalator provision and provided that a retired judge would receive as a retirement annuity one-half the salary paid by the state to him at the time of his retirement. In the next thirteen years, there were no amendments of substance, but in 1974 § 14 was again amended, by 1974 PA 337, to provide that the retirement annuity would be based, in part, on length of service. Under § 14 of the 1974 act, the annuity was equal to fifty percent of the annual salary paid by the state to the judge at the time of his retirement for the first twelve years of service. However, those judges serving more than twelve years on the bench would receive an additional annuity equal to 2½ percent of the annual salary paid by the state, at the time of retirement, for each year of service beyond twelve years and up to

sixteen years. Thus, a judge with sixteen years service would receive an annuity equal to sixty percent of the salary paid to him by the state at the time of his retirement. While there have been amendments to § 14 since that time, those changes are not of significance to this appeal and the system put in place in 1974 is essentially the same as that currently contained in MCL 38.814(2); MSA 27.125(14)(2).

The Supreme Court has held that the escalator judges, and their widows, have a vested right in the benefits of the escalator clause, which could not have been removed by the 1961 act. *Murphy v Michigan,* 418 Mich 341; 343 NW2d 177 (1984); *Campbell v Judges' Retirement Bd,* 378 Mich 169; 143 NW2d 755 (1966). The Supreme Court had an opportunity to consider an issue similar to that posed in the case at bar in *Hughes v Judges' Retirement Bd,* 407 Mich 75; 282 NW2d 160 (1979).

In *Hughes,* two escalator judges, Circuit Judges Sam Street Hughes and Marvin J. Salmon, filed suit to receive retirement annuity benefits based on both the escalator clause and the length-of-service benefits provided in the 1974 act. However, both judges had retired prior to the effective date of the 1974 act. The Court concluded that, while the plaintiffs were entitled to benefits under the escalator clause, they were not entitled to the additional length-of-service benefits under the 1974 act because they were retirees, rather than members of the retirement system, at the time the 1974 act went into effect. Thus, only judges who retire after the effective date of the 1974 act are entitled to benefits under the length-of-service provisions of that act.

In the case at bar, we are faced with the final permutation of the judges and their widows who were members of the retirement system under its

various benefit schemes. That is, plaintiffs in the case at bar are those judges, their widows and the estates of those judges and widows who were members of the retirement system while the escalator clause was in effect, but did not retire from the bench until after the effective date of the 1974 act. Thus, we are faced with the question which the *Hughes* Court was not required to face, namely whether escalator judges who retire after the effective date of the 1974 act are entitled to benefits calculated under both the escalator clause and the length-of-service clause. Plaintiffs contend that they are so entitled, while defendants contend that plaintiffs are entitled to benefits calculated under either clause, but not under a combination of the two clauses. We agree with plaintiffs.

We find the following language from *Campbell, supra,* pp 181-182, to be both instructive and controlling:

> We hold that a valid contract was entered into between judges and the State, that the State's agreement thereunder to pay the judges certain benefits created vested rights for the judges upon their retirement, that these are enforceable and cannot be impaired or diminished by the State. This should be deemed to include not only the benefits provided by statute at the time of entry into the contract and of retirement, but, also, those later added by statutory amendment. The legislature may add to but not diminish benefits without running afoul of constitutional prohibition against impairment of the obligation of a contract.

Thus, by virtue of their membership in the retirement system during the time of the escalator clause, plaintiffs derived a vested right to benefits calculated under that clause. Thereafter, while the Legislature could not reduce their benefits, the

Legislature could grant additional benefits. This the Legislature chose to do in 1974 by adding the length-of-service benefit. Nothing in that 1974 amendment limits the length-of-service benefit to nonescalator judges, nor did the 1974 amendment require the escalator judges to choose between the two benefit schemes.[1] Thus, we are faced with the conclusion that, in 1974, the Legislature chose to give additional retirement benefits, based upon length of service, to all then sitting and future judges, regardless of their status as an escalator judge.

Accordingly, we conclude that plaintiffs have a vested right to retirement benefits calculated under both the escalator clause and the length-of-service clause. Therefore, the decision of the Court of Claims is reversed. Inasmuch as there remains to be resolved the amount of unpaid benefits due each of the plaintiffs, and the question of whether the statute of limitations bars recovery for a portion of the period from 1974 until the filing of the complaint, the matter is remanded to the Court of Claims for further proceedings consistent with this opinion. Jurisdiction is not retained. Costs to plaintiffs.

---

[1] It is conceivable that the Legislature, had it chosen to do so, could have provided in the 1974 amendment that escalator judges could elect to receive the length-of-service benefits only by relinquishing their escalator benefits. However, the validity of such a provision is not before us since the Legislature chose not to make that attempt.