## DUNN v BOARD OF TRUSTEES OF WAYNE COUNTY RETIREMENT SYSTEM

Docket No. 87333. Submitted June 26, 1986, at Detroit. Decided May 19, 1987.

Richard D. Dunn, Victor J. Baum, and others, individually and as representatives of a class of present and former judges of the Wayne Circuit Court and Detroit Recorder's Court who have retired or will retire on or after September 1, 1981, brought an action in the Wayne Circuit Court against the Board of Trustees of the Wayne County Retirement System and the retirement system's executive challenging the defendants' method of computing retirement benefits distributed under the Wayne County Retirement System. Plaintiffs are members or beneficiaries of both the Michigan Judicial Retirement System and the Wayne County Retirement System. The trial court, Russell E. Noble, J., issued an order denying plaintiffs' motion for summary disposition and granting defendants' motion for summary disposition. Plaintiffs appeal.

The Court of Appeals *held:*

1. The trial court correctly concluded as a matter of law that the defendants are accurately interpreting and applying §§ 14a and 14c of the Judges' Retirement Act (MCL 38.814a, 38.814c; MSA 27.125[14a], 27.125[14c]) in computing county retirement benefits. Defendants' computation of county benefits is not contrary to the intent of the Legislature. Defendants are not reducing retirement benefits which would have been paid out by utilizing the formula in effect prior to the effective date of the amendments. Defendants are simply computing retirement benefits payable after September 1, 1981, on the basis of a new formula expressly devised by the Legislature.

2. Sections 14a and 14c of the Judges' Retirement Act do not

REFERENCES

Am Jur 2d, Judges § 65.

Am Jur 2d, Pensions and Retirement Fund §§ 46-50.

Vested right of pensioner to pension. 52 ALR2d 437.

Constitutionality, construction, and application of statute or ordinance providing for reduction of pension or retirement benefit of public officer or employee because of independent income. 7 ALR2d 692.

unconstitutionally impair an obligation of contract. Those sections do not diminish or impair defendants' obligation to plaintiffs as created under the Wayne County pension agreement.

3. Plaintiffs, who are judges who have retired or will retire after the effective date of § 14a of the Judges' Retirement Act, have vested contract rights to undiminished benefits acquired prior to their retirement. They do not, however, have veto power over the method or formula constructed to convey those benefits.

4. Members of the plaintiff class, all of whom retired or will retire after September 1, 1981, are, as a matter of law, without any vested rights to pension benefits computed under a formula used prior to that time so long as the benefits to be paid are equal to or better than those provided by the prior formula.

5. Since §§ 14a and 14c were both in effect on December 31, 1982, and the named plaintiffs who had already retired did so on or before that date, the retired named plaintiffs were without any vested contract rights to county retirement benefits computed under the old formula. None of the named plaintiffs retired after September 1, 1981, but prior to December 31, 1982. The trial court did not err in dismissing plaintiffs' complaint.

Affirmed.

1. Judges — Judges' Retirement Act.

A local unit of government, for the purpose of computing retirement benefits of an employee who is a judge, shall use a figure which is the difference between the figure otherwise used under the local unit's retirement plan to compute retirement benefits and those portions, if any, of the state salary standardization payment which are converted as an addition to the judge's state base salary for the purpose of computation of retirement benefits pursuant to §§ 14a and 14c of the Judges' Retirement Act (MCL 38.814a, 38.814c, 38.842; MSA 27.125[14a], 27.125[14c], 27.125[42]).

2. Judges — Judges' Retirement Act — Impairment of Contracts — Constitutional Law.

The Legislature's enactment of §§ 14a and 14c of the Judges' Retirement Act does not unconstitutionally impair an obligation of contract as created under a county pension agreement in regard to judges who are members or beneficiaries of both the Michigan Judicial Retirement System and the county's retirement system (MCL 38.814a, 38.814c; MSA 27.125[14a], 27.125[14c]).

3. JUDGES — JUDGES' RETIREMENT ACT — RETIREMENT BENEFITS —
      VESTED RIGHTS.
   Judges who are members of both the Michigan Judicial Retire-
   ment System and a county retirement system who have retired
   or will retire after September 1, 1981, have vested contract
   rights to undiminished retirement benefits acquired prior to
   their retirement; they do not, however, have veto power over
   the method or formula constructed to convey those benefits;
   such judges who retired or will retire after September 1, 1981,
   are without any vested right to pension benefits computed
   under the formula used prior to that time so long as the
   benefits to be paid are equal to or better than those provided by
   the prior formula (MCL 38.814a; MSA 27.125[14a]).

4. JUDGES — JUDGES' RETIREMENT ACT — RETIREMENT BENEFITS —
      VESTED RIGHTS.
   Judges who are members of both the Michigan Judicial Retire-
   ment System and a county retirement system who retired on or
   before December 31, 1982, are without any vested contract
   rights to county retirement benefits computed under a formula
   in effect prior to December 31, 1982 (MCL 38.814c; MSA
   27.125[14c]).

*Bodman, Longley & Dahling* (by *James R. Buschmann* and *Joseph A. Sullivan*), for plaintiffs.

*Butzel, Long, Gust, Klein & Van Zile* (by *Philip J. Kessler, Thomas E. Sizemore* and *Alan S. Levine*), for defendants.

Before: M. J. KELLY, P.J., and SHEPHERD and J. R. ERNST,* JJ.

M. J. KELLY, P.J. Plaintiffs appeal as of right from an order of summary disposition entered August 16, 1985, pursuant to MCR 2.116(C)(10), by which the trial court dismissed their complaint challenging defendants' method of computing retirement benefits distributed under the Wayne County Retirement System. We affirm.

Plaintiffs represent a class of present and former

---

* Circuit judge, sitting on the Court of Appeals by assignment.

judges of the Wayne Circuit and Detroit Recorder's Courts, who have retired or will retire on or after September 1, 1981. Throughout their terms of office, plaintiffs received or will receive a base salary from the state, supplemented by a smaller salary from Wayne County. Under MCL 600.555; MSA 27A.555, however, the county is reimbursed by the state for this supplemental salary by what is known as a "state salary standardization payment."

Because plaintiffs receive a base pay directly from the state, they are members or beneficiaries of the Michigan Judicial Retirement System in accordance with the terms of the Judges' Retirement Act, MCL 38.801 *et seq.;* MSA 27.125(1) *et seq.* Similarly, because plaintiffs receive a supplemental salary from the county, they are also members or beneficiaries of the Wayne County Retirement System, created by ordinance and administered by the defendants in this case. The dispute presented on appeal concerns the method by which defendants now compute county retirement benefits in light of certain legislative amendments to the Judges' Retirement Act passed in the early 1980's.

In simple terms, the formula used by defendants in computing county retirement benefits is as follows: years of credited service × two percent × average final compensation. For purposes of this formula, average final compensation (AFC) is defined as

[o]ne fifth of the aggregate amount of compensation paid a member during the period of five years of his credited service which produces the highest aggregate amount. If a member has less than five years of credited service, average final compensation shall mean the amount obtained by dividing the aggregate amount of compensation paid the

member by his credited service. [Wayne County Employees' Retirement Ordinance, Art II, § 10.]

Unlike the Wayne County Retirement System, the Michigan Judicial Retirement System does not average a beneficiary's compensation when determining benefits under the following formula:

Final salary × 50% + 2.5% of final salary for each of the first four years of service in excess of 12 years.

Final salary is defined as the salary rate at the time of retirement. Because the state system does not engage in salary averaging and provides survivor benefit protection at no cost (unlike the county plan), it is undisputed that the state system provides higher benefits for the same money than are provided under the Wayne County system.

Prior to September 1, 1981, the Michigan Judicial Retirement System did not consider any part of plaintiffs' supplemental salary in determining a beneficiary's final salary for purposes of computing state retirement benefits, even though the entire supplemental salary was ultimately paid by the state. Instead, the Wayne County system included the entire supplemental salary earned by a judge in a given year in computing compensation and average compensation paid over the relevant five-year period. In accordance with the terms of the Wayne County retirement ordinance, plaintiffs contributed three percent of the first $13,500 earned per year in supplemental salary and five percent of the salary earned in excess of that amount.

Effective September 1, 1981, the Legislature amended the Judges' Retirement Act, allowing circuit and Recorder's Court judges to elect to have

a portion of their supplemental salary diverted from the county plan to the state plan for purposes of determining retirement benefits. The first legislative amendment with which we are concerned is the addition of § 14a to the Judges' Retirement Act, allowing circuit and Recorder's Court judges to elect for the first time to add $2,250 of their state salary standardized payment to their final state salary for purposes of computing state retirement benefits. MCL 38.814a; MSA 27.125(14a). In December of 1982, that statute was amended so that $2,250 was automatically applied toward state benefits unless a judge elected otherwise. Also in 1982, the Legislature enacted a provision allowing for an additional portion of the standardized payment to be applied toward final salary in computing state retirement benefits. MCL 38.814c; MSA 27.125(14c). Unlike the portion of the standardized payment diverted under § 14a, the portion diverted under § 14c is arrived at by a formula, which is not at issue in the instant case. It is not disputed that the new arrangement results in higher retirement benefits for all members of the plaintiff class simply because of the different methods used by each plan to compute benefits. None of the named plaintiffs in this case have elected against having portions of their standardized payment applied toward state retirement benefits.

In amending the Judges' Retirement Act to allow plaintiffs to divert a portion of their standardized payment to state retirement benefits, the Legislature simultaneously provided that the diverted portion was to be subtracted from the "final average compensation figure used to calculate the judge's combined county, city or district control unit pension." MCL 38.814a; MSA 27.125(14a) (with regard to the $2,250 diverted portion) and

MCL 38.814c; MSA 27.125(14c) (with regard to the portion diverted under the formula). Relying on these statutory directives, defendants in 1981 began deducting from the AFC that portion of the standardized payment which is applied toward state retirement benefits. The particular dispute in this case is whether the defendants are properly interpreting the statutory term "final average compensation figure" to mean the same as the term "average final compensation" used in the county retirement formula.

Plaintiffs first argue that defendants' application of the 1981 and 1982 amendments to the Judges' Retirement Act effectively reduces county retirement benefits derived from salaries earned prior to those years. If, for example, a retired judge's diverted standardized payments are equivalent to $10,210, then defendants' deduction of that amount from that judge's AFC under the county plan retroactively reduces pension benefits derived from compensation earned during any years prior to 1981 and 1982, as averaged into the AFC figure. Thus, plaintiffs first challenge the defendants' interpretation and application of §§ 14a and 14c of the Judges' Retirement Act. We, however, agree with the trial court and conclude as a matter of law that the defendants are accurately interpreting and applying the statutory amendments at issue.

When the Legislature enacted § 14a of the Judges' Retirement Act, it simultaneously enacted 1980 PA 443, effective September 1, 1981, MCL 38.841 *et seq.;* MSA 27.125(41) *et seq.,* specifically directing local units of government on how to apply the new amendments. Section 2 of 1980 PA 443, as amended in December of 1982 and again in 1984, specifically provides:

A local unit of government, for the purpose of computing retirement benefits of an employee who is a judge, shall use a figure which is the difference between *the figure otherwise used under the local unit's retirement plan to compute retirement benefits,* and those portions, if any, of the state salary standardization payment which are converted as an addition to the judge's state base salary for the purpose of computation of retirement benefits pursuant to sections 14a and 14c of Act No. 198 of the Public Acts of 1951, being sections 38.814a and 38.814c of the Michigan Compiled Laws. [MCL 38.842; MSA 27.125(42).]

Clearly, "the figure otherwise used under the local unit's retirement plan" in this case is the AFC. We thus do not agree that defendants' computation of county benefits is contrary to the intent of the Legislature. We note that defendants are not reducing retirement benefits paid out prior to the effective date of the amendments. Defendants are simply computing retirement benefits payable after September 1, 1981, on the basis of a new formula expressly devised by the Legislature.

Since we have concluded that defendants are properly construing and applying §§ 14a and 14c of the Judges' Retirement Act, we must next consider whether these amendments unconstitutionally impair an obligation of contract, contrary to Const 1963, art 1, § 10 and US Const, art I, § 10. See also Const 1963, art 9, § 24. The question here is whether the enactment of §§ 14a and 14c diminish or impair defendants' obligation to plaintiffs as created under the Wayne County pension agreement. If an impairment has occurred, the amendments must be struck down as unconstitutional.

Our resolution of this question is squarely governed by *Campbell v Judges' Retirement Bd,* 378 Mich 169; 143 NW2d 755 (1966), in which the

Supreme Court considered whether certain amendments to the Judges' Retirement Act impaired contract obligations between the plaintiffs and the Michigan Judges' Retirement Board. While recognizing that the Legislature may not destroy or diminish vested rights acquired under a pension contract, the *Campbell* Court went on to hold that "the Legislature may add to but not diminish benefits without running afoul of constitutional prohibition against impairment of the obligation of a contract." 378 Mich 181-182. In *Campbell,* the issue was whether plaintiff judges who had retired from the bench prior to January 1, 1960, had accrued rights to benefit increases guaranteed under an escalator clause, MCL 38.814; MSA 27.125(14), which was repealed in 1961, after their retirement. The Supreme Court concluded that plaintiffs did have a vested right to the increase in benefits provided under the escalator clause since such benefit increases were granted them after their retirement and thus constituted a vested right which could not be impaired. See also *Hughes v Judges' Retirement Bd,* 407 Mich 75; 282 NW2d 160 (1979).

As described in the complaint, plaintiffs in this case are judges who have retired or will retire after the effective date of § 14a of the Judges' Retirement Act. Plaintiffs therefore have vested contract rights to undiminished benefits acquired prior to their retirement. They do not, however, have veto power over the method or formula constructed to convey those benefits. The particular change occasioned under § 14a is that a portion of each member's income formerly considered county income (but in fact ultimately paid by the state) will, as of 1981, be considered state income for purposes of computing retirement benefits. Consistent with this change is the fact that Wayne

County is now required under § 14a to contribute to the state retirement system so as to prevent a member's contributions from accruing in the county system when benefits will be paid out of the state system. MCL 38.814a(1)(b); MSA 27.125(14a)(1)(b). We conclude as a matter of law that members of the plaintiff class, all of whom retired or will retire after September 1, 1981, are without any vested rights to pension benefits computed under a formula used prior to that time so long as the benefits to be paid are equal to or better than those provided by the prior formula.

Section 14c of the Judges' Retirement Act did not become effective until December 31, 1982. As described in the complaint, some of the unnamed members of the plaintiff class retired prior to that date. However, our review of the complaint reveals that none of the named plaintiffs fall into this category as those named plaintiffs who had already retired did so on or before December 31, 1982. Since §§ 14a and 14c were both in effect on that date, the retired named plaintiffs were without any vested contract rights to county retirement benefits computed under the old formula. All of the other named plaintiffs in this action were, at the time of the filing of this complaint on October 27, 1983, participating members of the state and county retirement systems. None of the named plaintiffs retired after September 1, 1981, but prior to December 31, 1982, and we thus decline to consider whether application of § 14c to these retirees, if any exist, would constitute an impairment of contract. The trial court did not err in dismissing plaintiffs' complaint as a matter of law under MCR 2.116(C)(10).

At appellate oral argument, plaintiffs argued that the county retirement system will sustain an unwarranted windfall of funds voluntarily paid

into the system by plaintiffs prior to 1981 if defendants are allowed to ignore those funds in determining county retirement benefits. This argument requires us to distinguish between plaintiffs' rights to salary contributed to and accumulated in the system and plaintiffs' rights to benefits received upon retirement. Because the trial court in this case focused on whether plaintiffs had voluntarily waived their contract rights with defendants, the problem of accumulated funds was never fully explored or developed below and we readily admit that we are without a thorough understanding of the effect of §§ 14a and 14c on the funds already accumulated in the county retirement system. However, according to plaintiffs' own brief on appeal, county retirement benefits are a combination of two separate components:

The Wayne County Retirement Ordinance (a complete copy of which is attached as Exhibit A) provides for the calculation of a "straight life retirement allowance" in Article VI, Section 2. This is the basic form of retirement benefit from which all other optional retirement benefits are derived. A member's straight life retirement allowance, subject to certain limitations not material here, consists of:

"I. An employee pension which shall be *the actuarial equivalent of his accumulated contributions standing to his credit in the Reserve for Employees' Contributions at the time of his retirement;* and

"II. A County pension, which when added to his employee's pension shall provide a straight life retirement allowance equal to the number of years, and fraction of a year, of his credited service multiplied by 2.0% of his final average compensation. In no case shall his straight life County pension exceed either (1) ¾ of his average final compensation or (2) during the statutory period for payment of his Workmen's Compensation, if he is

in receipt of Workmen's Compensation on account of his county employment, the difference between ¾ of his average final compensation and his weekly Workman's Compensation converted to an annual basis. . . ."

*Thus the county retirement benefit consists of two components, the first of which is an annuity which is the actuarial equivalent of the accumulated contributions made by the employee himself to the Wayne County Retirement System.* These contributions are required by Art VII, Sec. 2(b)(iii) and are the sum of 3% of the first $13,500 of annual compensation and 5% of the balance of compensation. The second component is the difference between the employee funded pension and an amount calculated as follows:

Years of Credited Service × 2% Final Average Compensation (but limited by subsections (1) and (2))

It is the second component of the county retirement benefit which is at issue here.

We interpret this passage from appellants' brief to mean that a component of plaintiffs' county retirement benefits will be based on funds actually contributed to the county system prior to September 1, 1981. Plaintiffs have, both on appeal and at the trial level, focused on the method of computing benefits rather than on any vested rights to accumulated funds. Given plaintiffs' apparent admission that county retirement benefits will continue to be computed in part on the basis of accumulated employee contributions, we decline to remand this case for further consideration.

Affirmed.